### 5591. McLENDON v. THE STATE.

Russell, C. J. 1. That the indictment upon which the plaintiff in error was tried is not specified as material to an understanding of the errors complained of, and that no copy thereof is embodied in the record, is not a good ground for dismissing a bill of exceptions, the recitals of which are verified by the trial judge, wherein the offense of which the accused was convicted is stated so clearly as not to be misunderstood, and it appears that no objection was made to the indictment.

2. When the plaintiff in error complains that the court erred in failing to give in charge to the jury a certain principle of law definitely specified, and the trial judge certifies the statement as to the omission to be true, it is not necessary to have a copy of the entire charge of the court embodied in the transcript of the record, in order to demonstrate the omission of the specified instruction from the charge. The omission of useless documents from the record is to be commended; and the failure of the plaintiff in error to cause the charge of the court to be transmitted, when the complaint is not as to any instruction given, but as to an omission to charge, admitted by the presiding judge, is not good ground for dismissing the writ of error.

3. The trial judge failed to give in charge to the jury section 31 of the Penal Code of 1910, which declares that to constitute a crime or misdemeanor, "there shall be a union or joint operation of act and intention, or criminal negligence." The court certifies that the defendant's counsel "verbally requested" that this code section be given in charge to the jury, and that one of the movant's contentions was that he had no intention to commit the offense with which he was charged. So far as appears from the record, all contentions of the defendant were embodied in his plea of not guilty; and since there is nothing, either in the testimony in behalf of the State or in the statement of the accused himself, which required the instruction, the failure to give which is assigned as error, and since the request was not submitted in writing, the failure so to charge did not demand the grant of a new trial.

4. The court should charge the jury on the controlling issue in the case, even though not requested to do so. *Phenix Insurance Co.* v. *Hart,* 112 *Ga.* 765 (38 S. E. 67); *Mays* v. *Shields,* 117 *Ga.* 814 (45 S. E. 68); *Telfair County* v. *Webb,* 119 *Ga.* 916 (47 S. E. 218). But in the present case the guilt of the accused was dependent wholly upon the weight which might be given to his statement by the jury. If the statement is true, he performed his duty in executing the trust imposed, by procuring for the prosecutor a suit of clothes, which, by the mistake of the makers, and through no fault of the accused, was shipped to Washington, Iowa, instead of to Washington, Georgia. If the jury believed this statement, they must necessarily have acquitted him. On the other hand, according to the testimony for the State, the accused was entrusted with a sum of money for a specific purpose, with which he did not comply, and so many months elapsed, after the deposit of the money and the failure to produce the suit of clothes, as to authorize the inference upon the part of the jury that he converted the money to his.

47

own use, especially since he made no report during that time as to the alleged miscarriage of the suit, and, on the contrary, changed his place of residence without communicating information of the loss of the suit and without offering to refund the money. A conversion by one, to his own use, of money or property belonging to another creates a conclusive presumption of fraudulent intent where, as in the present case, he does not, in his statement, assert that the money with which he was entrusted for a single purpose was ever in fact expended for the purpose for which it was deposited with him. For this reason, as well as from the fact that the court is not required, without a written request, to charge any theory of law arising solely from the defendant's statement, the court did not err in omitting to give in charge section 31 of the Penal Code.                                   *Judgment affirmed.*

DECIDED JULY 7, 1914.

Indictment for larceny after trust; from Wilcox superior court—Judge Walker. February 25, 1914.

*Colley & Colley,* for plaintiff in error.
*R. C. Norman, solicitor-general,* contra.