PUSSER *et al.* v. THOMPSON *et al.*, executors.

1. On the trial of a case it is the duty of the court, with or without request, to charge the jury the law applicable to the substantial issues involved; and in the absence of such instruction the verdict will be set

aside. Where on the trial of a claim case one of the issues was fraud in the execution of certain deeds under which claimants held, and the court did not charge the jury on the law of fraud applicable to the case, but confined the instructions to the sole issue of who was the purchaser at the administrator's sale, such omission to charge is error and cause for reversal.

2. A ground of a motion for a new trial which does not state the ground of objection to the admission of testimony, urged at the time of the trial, will not be considered.

JUNE 13, 1917.

Claim. Before Judge Graham. Bleckley superior court. March 23, 1916.

*Tomlinson Fort* and *L. A. Whipple,* for plaintiffs in error.

*H. F. Lawson* and *Hall & Grice,* contra.

HILL, J. A. J. Thompson, as surviving partner of A. J. Thompson & Company, recovered a judgment against David Pusser upon a security deed given in 1892 for a pre-existing debt. Execution issued and was levied upon the lot of land in controversy (No. 73 in the 21st district of Pulaski county). To the levy of the fi. fa., in 1909, on the land given as security J. M. Pusser and D. S. Pusser, for themselves and as next friends of their minor brothers and sisters, filed a claim based on deeds from Edie Purser, administratrix of John Purser, dated November 22, 1897, conveying lot of land No. 73 in the 22d district of Pulaski county; a deed from Mary Purser to John Purser and others, to the claimants, dated November 3d, 1897, conveying the same lot of land; and a deed from Mary E. Purser to John Purser and others, claimants, dated August 15, 1911, conveying lot No. 73 in the 21st district of Pulaski county, and reciting that it was made to correct a clerical error in the deed next above, relating to the district number. On the trial of the case the jury returned a verdict for the claimants. The plaintiff made a motion for a new trial, which was granted, and the claimants excepted. This is an exception to the second grant of a new trial. The case was here on a former occasion. *Purser* v. *Thompson,* 135 *Ga.* 732 (70 S. E. 569). See also *Pusser* v. *Thompson,* 132 *Ga.* 280 (64 S. E. 75, 24 L. R. A. (N. S.) 571). On the last trial the judge charged the jury: "The only issue for you to determine in this case is, who bought the property at administrator's sale?" Error is assigned on this charge, for the reason that it limits the contentions of the plaintiff to one single issue, when there were other issues in the

case. Under the evidence it was error to restrict the charge to the sole issue of who bought the property at the administrator's sale. It is true that was one issue in the case, but not the sole issue. The question of fraud was also involved; whether the property was bid off by the husband and a deed made to the wife, and by the wife to her children, all in fraud of the plaintiff, was a question which was involved and should have been submitted to the jury for their determination. The evidence tended to show that the defendant in fi. fa. was an heir at law of the intestate, and that the deed to the wife was in effect a voluntary gift from the husband to the wife, he having bid off the land at the administrator's sale, and the deed being made to the wife. Under the pleading and evidence the charge complained of was misleading, and it can not be held that it was harmless. It is well settled that it is the duty of the court, with or without a request, to charge the jury the law applicable to the substantial issues made by the evidence in the case; otherwise the verdict will be set aside. *Central Railroad* v. *Harris,* 76 *Ga.* 501, 510-511; *Strickland* v. *State,* 98 *Ga.* 84, 88 (25 S. E. 908); *Atlanta &c. R. Co.* v. *Gardner,* 122 *Ga.* 82, 93 (49 S. E. 818); *Smith* v. *W. & A. R. Co.,* 134 *Ga.* 216 (5) (67 S. E. 818). The question of fraud was an important issue in the present case, and certain deeds offered in evidence were admissible to throw light on the question of fraud. It was therefore the duty of the court to instruct the jury on all the issues made by the pleadings and evidence, and a failure to do so was cause for a new trial. The judge hearing the motion (who did not try the case) having granted a new trial, his judgment will not be disturbed.

Headnote 2 requires no elaboration.

*Judgment affirmed. All the Justices concur.*