## 14492. HARVEY *v.* BARTOW COUNTY.

BELL, J. 1. "On the trial of a case it is the duty of the court, with or without request, to charge the jury the law applicable to the substantial issues involved; and in the absence of such instruction the verdict will be set aside." *Pusser* v. *Thompson*, 147 *Ga.* 60 (1) (92 S. E. 866).

2. Negligence is the failure to perform a duty of diligence toward one entitled thereto,. or to use that degree of care which is due to another, under the circumstances, by the party charged. *Harden* v. *Georgia Railroad Co.*, 3 *Ga. App.* 344 (59 S. E. 1122); *Powell* v. *Berry*, 145 *Ga.* 696 (2) (89 S. E. 753, L. R. A. 1917A, 306).

3. In the trial of a case in which the plaintiff bases his right of action upon acts or omissions of the defendant, alleged to be negligent, but not negligent per se, the jury, being required to determine whether the acts constituted negligence as alleged; may not correctly do so by the standards of the law unless they are told by appropriate instructions what degree of care was due by the defendant. In the instant case the plaintiff sued the county for injuries alleged to have resulted from the negligent construction and maintenance of a bridge and its necessary approaches. The court properly submitted to the jury the question whether the acts complained of constituted negligence, but nowhere instructed them as to the duty of the county to exercise ordinary care to keep the bridge and its necessary approaches in a condition reasonably safe for use by the public in the ordinary modes of travel. See *County of Tattnall* v. *Newton*, 112 *Ga.* 779 (2) (38 S. E. 47); *Howington* v. *Madison County*, 126 *Ga.* 699 (2) (55 S. E. 941); *Morgan County* v. *Glass*, 139 *Ga.* 415 (4) (77 S. E. 583). Whether the county was negligent as claimed, and whether, if so, such negligence was the cause of the plaintiff's damage, being issuable under the pleadings and the evidence, and the jury having found for the defendant, the omission to charge the jury as indicated, even without request, in regard to the standard of diligence due by the county, was reversible error. Compare *Evans* v. *Nail*, 1 *Ga. App.* 42 (1) (57 S. E. 1020); *Virginia Bridge & Iron Co.* v. *Crafts*, 2 *Ga. App.* 126 (1) (58 S. E. 322); *Phenix Insurance Co.* v. *Hart*, 112 *Ga.* 765 (1) (38 S. E. 67); *Whelchel* v. *Gainesville & Dahlonega Electric Ry. Co.*, 116 *Ga.* 431 (3) (42 S. E. 776); *Freeman* v. *Nashville, Chattanooga & St. Louis Ry. Co.*, 120 *Ga.* 469 (1) (47 S. E. 931); *Atlanta, Knoxville & Northern Ry. Co.* v. *Gardner*, 122 *Ga.* 82 (8) (49 S. E. 818).

(a) It is immaterial as against the above ruling that the omission could have been hurtful to the county, in that the jury might have held it liable for negligence less than a failure to exercise ordinary care. They did not find against the county, and it cannot be said that, in determining whether the county was negligent and in finding against the plaintiff, they did not do so on the assumption that the county owed to the plaintiff a lesser duty than ordinary care.

(b) This is not to hold that it is error to fail to define negligence (see *Western Union Telegraph Co.* v. *Ford*, 10 *Ga. App.* 606 (5), 74 S. E. 70; *Wakefield* v. *Lee*, 18 *Ga. App.* 648 (4), 90 S. E. 224), but that there was an omission of necessary instructions upon the law applicable to the issues involved.

4. For the reasons stated above, the court erred in overruling the plaintiff's motion for a new trial. The other grounds of the motion are without merit.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED OCTOBER 11, 1923.

Action for damages; from Bartow superior court—Judge Tarver. February 19, 1923.

*Finley & Henson, W. C. Henson, M. B. Eubanks,* for plaintiff. *J. H. Wikle, Paul F. Akin,* for defendant.