Description, and names of counsel, as in case next before.

---

MOBLEY *v.* MERCHANTS AND PLANTERS BANK.

ATKINSON, J.  1.  "Where the judge gives in charge substantially the law covering the case, if more specific instructions on any point are desired, they should be asked; but the law of the case must be given to the jury to the extent of covering the substantial issues made by the evidence, whether requested or not, or whether the attention of the court be called thereto or not; otherwise the verdict will be set aside."  *Central Railroad* v. *Harris*, 76 *Ga.* 501 (1 *b*) ; *Savannah Electric Co.* v. *Jackson*, 132 *Ga.* 559 (2)  (64 S. E. 680) ; *City of Atlanta* v. *Blackman Health Resort*, 153 *Ga.* 499-505 (4)  (113 S. E. 545).

2.  A debtor may prefer one creditor to another, and to that end he may bona fide give a lien upon his property by mortgage or other legal means.  Civil Code (1910), § 3230.  There was evidence in this case tending to show that the security deed to the claimant was a bona fide preference by the debtor.  The evidence was sufficient to show an issue on the point; and it was error requiring the grant of a new trial to omit to give the above principle in charge, though no request for such a charge was made.

3.  The rights of neither subsequent purchasers nor subsequent creditors were involved in this case; and consequently it was erroneous, while applying the provisions of the Civil Code (1910), § 3224 (3) and § 4109, to charge the language employed in the two following excerpts from the instructions given.: (a) "I charge you that every voluntary deed or conveyance made by any person shall be void as against subsequent bona fide purchasers for value, without notice of such voluntary conveyance.  That would also apply to a judgment creditor."  (b) "I charge you further that every sale made with intent to defraud either creditors of the vendor or prior or subsequent purchasers, if such intentions be known to the vendee, shall be absolutely void as against such creditors or purchasers."

4.  The portions of the charge excepted to in the second, third, and sixth amended grounds of the motion for new trial are not erroneous for any reason assigned.

5.  As the judgment refusing the claimant's motion for a new trial will be reversed on the special grounds, no ruling will be made on the assignments of error based on the general grounds.

*Judgment reversed.  All the Justices concur, Gilbert, J., specially.*

No. 3839.  FEBRUARY 26, 1924.

Claim.  Before Judge Custer.  Grady superior court.  May 12, 1923.

A fi. fa. in favor of the Merchants and Planters Bank against J.

W. Mobley and C. V. Bell, based on a judgment rendered in the city court of Cairo, Georgia, April 13, 1922, for $300 principal, with interest, costs, and attorney's fees, aggregating $91.34, was levied on a described tract of land containing 50 acres as the property of J. W. Mobley. J. M. Mobley interposed a statutory claim. At the trial the plaintiff introduced the fi. fa. and the entry of levy made by the levying officer. The entry of levy stated that J. W. Mobley was in possession of the land. The plaintiff also introduced an absolute warranty deed from the claimant, J. M. Mobley, to J. W. Mobley, dated February 6, 1919, duly recorded April 11, 1919, purporting to convey the land "in consideration of the sum of one thousand dollars in hand paid at and before the sealing and delivery of these presents." The claimant introduced a security deed executed by J. W. Mobley to the claimant, J. M. Mobley, dated April 10, 1922, and duly recorded on the following day, purporting to convey the land in dispute. It was stated in the deed that it was executed "to secure a promissory note this day executed by J. W. Mobley to J. M. Mobley, due January 1st, 1923, for the sum of $1160, with interest from date." The claimant testified: "I sold the land levied on to my son, the defendant, for $1000, and made him a deed on February 2, 1919. At the same time I sold my other two children the same amount of land for $1000 each, and made them deeds. One of them has paid me in full, and the other has paid me all but about $100. I did not take a note or mortgage from the defendant, neither did I take a note or mortgage from the other two children, but it was understood that they were to pay for the land as soon as they were able. The defendant J. W. Mobley owed me on the 10th day of April, 1922, the $1000 and interest for two years, and made me a note and a security deed to secure the same, the security deed covering the land in question. I came to Cairo with the defendant during court when he was being sued, and the deed and note were prepared and delivered to me by the defendant. I was not crowding the defendant, but I either wanted my money or to be made safe for it. I did not pay for the fixing up the papers, nor suggest the fixing of any papers; neither have I paid for fixing up of other papers when making a loan to a party. I knew at the time that I took this deed that there was a suit against the defendant by the plaintiff. I did not take the deed and note to defraud the plaintiff, but for the purpose of getting my money.

At the time that I took the deed and note the defendant, J. W. Mobley, owned some cows and hogs worth about $100, and a second-hand automobile for which he owed the bank and was being sued for at the time. I do not know whether I got the security deed before judgment was rendered in favor of the plaintiff or not; in fact I do not know when the plaintiff's judgment was rendered, or whether it has a judgment." The jury returned a verdict finding the property subject. The claimant made a motion for new trial which being overruled he excepted.

*S. P. Cain,* for plaintiff in error.

*M. L. Ledford* and *Ira Carlisle,* contra.