Robbery, 34 Cyc. p. 1808, n. 78.

## 18144. CARDIN et al. v. THE STATE.

The ground of the motion for a new trial as to failure to charge the jury on the law on the subject of alibi is incomplete, in not setting out evidence requiring such a charge.

The sentence imposed, being within the statutory limit as to punishment, is not subject to review on the ground that it is excessive.

There is evidence to support the verdict, and there is no merit in the motion for a new trial.

DECIDED JULY 14, 1927. REHEARING DENIED JULY 27, 1927.

Criminal Law, 17 C. J. p. 87, n. 44; p. 91, n. 77 New; p. 254, n. 35.

Killing and maiming hogs; from Colquitt superior court—Judge W. E. Thomas.  April 15, 1927.

*P. Q. Bryan,* for plaintiff in error.

*C. E. Hay, solicitor-general,* contra.

BLOODWORTH, J.  1.  A ground of a motion for a new trial alleges that the court erred "in failing to charge that the defendants sought to establish an alibi and upon the law as to alibi." In *Beavers* v. *State,* 33 *Ga. App.* 370 (2) (126 S. E. 305), this court held: "Where a ground of a motion for a new trial complains of the failure of the judge to charge certain principles of law (which the ground alleges should have been charged under the evidence adduced upon the trial), but where no evidence whatsoever is set forth in the ground, the ground is not complete and understandable within itself, and this court will not search through the brief of the evidence to discover whether there was any evidence requiring such instructions."  This ruling disposes of the alleged error of omission in the charge adversely to the contention of the plaintiff in error.

2.  There is no merit in the ground of the motion for a new trial that the sentence imposed on each of the defendants is excessive.  "The sentence imposed, being within the limits prescribed by law, is not subject to review."  *Owens* v. *State, 32 Ga. App.* 418 (4) (123 S. E. 919).

3.  There is no merit in either of the other special grounds of the motion.

4.  There is evidence to support the verdict.

*Judgment affirmed.  Broyles, C. J., and Luke, J., concur.*