### 20622. CLINTON *v.* THE STATE.

DECIDED JULY 16, 1930.

*J. M. Floyd,* for plaintiff in error.

*Robert B. Short, solicitor-general,* contra.

BLOODWORTH, J. 1. A ground of the amendment to the motion for a new trial is as follows: "Because the court charged the jury the following portions of code section 5732, to wit: 'You may take into consideration the manner of the witnesses while upon the stand testifying, his interest or want of interest, his bias or prejudice, if any exist, the probability or improbability of the facts and occurrences to which he testifies, the reasonableness or unreasonableness of his testimony, and the personal credibility of the witness in so far as that may legitimately appear upon the trial of the case,' and failed to charge either the exact language or the substance of the last sentence of said code section, although requested in writing to do so before he had entered into his charge of the jury and before argument, to wit 'Gentlemen of the jury, you may also consider the number of the witnesses in determining where the preponderance of the evidence lies.' Movant insists that he was entitled to the charge of this rule of evidence, in view of the fact that the court charged the balance of the code section, and in view of the fact that he offered eleven witnesses in addition to his statement as against two witnesses offered by the State. Movant insists that this is a rule of evidence applicable alike in criminal as in civil cases, to wit: that the weight of evidence is sometimes with the greater number of witnesses testifying, although this is not necessarily so. Nevertheless, movant insists that this was a case in which he was entitled to the benefit of this principle of law." While it is not ordinarily apt to refer to preponderance of evidence in reference to an issue of guilt or innocence in a criminal case, yet in *Thompson* v. *State,* 160 *Ga.* 520 (128 S. E. 756), the Supreme Court had under consideration an excerpt from a charge based upon section 5732 of the Civil Code, and in that case Presiding Justice Beck said (p. 522): "While the language employed by the court is taken largely from the code section referred to, which is generally given as a part of the charge to the jury when the court is instructing them as to what they may consider in determining where the preponderance of evidence lies, the part of the section charged is not inapplicable to a criminal case when charged in con-

nection with that portion of the court's instructions to the jury in which the court is dealing with the province of the jury to determine the credibility of the witnesses who have testified in the case." As at least a part of § 5732 "is not inapplicable to a criminal case," and since it is well settled that when a judge undertakes to charge the law on any subject he must charge all of it upon that subject that is material and applicable to the case, and the judge having charged a portion of that section, under the above rule, at least a part thereof being applicable and a proper and timely request therefor having been made in writing, he should have added to the charge the remainder of the section and told the jury that they might "also consider the number of witnesses, though the preponderance is not necessarily with the greater number." As will be seen by the ground of the motion under consideration, the plaintiff in error offered eleven witnesses in addition to his statement, as against two witnesses offered by the State. See, in this connection, *Hinson* v. *Hooks,* 27 *Ga. App.* 430 (108 S. E. 822).

2. As a new trial must result from the foregoing ruling, it is not necessary to consider the other special grounds of the motion for a new trial, as the errors complained of therein are not likely to recur upon another trial.

*Judgment reversed.* *Luke, J., concurs.* *Broyles, C. J., dissents.*

BROYLES, C. J. In my opinion the judge charged in substance the part of section 5732 of the Civil Code applicable to this case, and properly refused to charge as requested.