## 2202. AWBREY *v.* JOHNSON.

SUTTON, J. Johnson sued Awbrey for damages because of his alleged negligence in operating two trucks along a public highway at night, without tail light or headlights visibly and plainly shining, and in blocking the road with such trucks. The evidence showed that the plaintiff drove his automobile into the rear of one of the defendant's trucks, and that the automobile was thereby damaged. The defendant denied the acts of negligence charged by the plaintiff, and set up that the plaintiff endeavored to pass the defendant's trucks without blow-

ing his horn and while traveling at an excessive rate of speed. The verdict was in favor of the plaintiff. The court overruled the defendant's motion for a new trial, based on the general and two special grounds, and the movant excepted. *Held:*

1. "An operator of a vehicle overtaking another vehicle going in the same direction, and desiring to pass the same, shall pass to the left of the vehicle overtaken, provided that the way ahead is clear of approaching traffic; but if the way is not clear, he shall not pass unless the width of the roadway is sufficient to allow his vehicle to pass to the right of the center thereof in the direction in which his vehicle is moving. . . An operator overtaking and desiring to pass a vehicle shall blow his horn, and the operator of the vehicle so overtaken shall promptly, upon such signal, turn his vehicle as far as reasonably possible to the right in order to allow free passage on the left of his vehicle." Ga. L. 1927, pp. 226, 237.

(*a*) In giving the law above referred to in charge to the jury, it was error for the court to omit therefrom that portion which provides that such operator in overtaking and desiring to pass such other vehicle shall blow his horn, and that upon such signal it shall be the duty of the operator of the automobile overtaken to turn his vehicle as far as reasonably possible to the right in order to allow free passage on the left of his vehicle; the evidence of the defendant being that the plaintiff did not blow his horn before undertaking to pass the defendant's trucks. When the judge charges the law upon any subject, he must charge all of it upon that subject that is material and applicable to the case. *Hinson* v. *Hooks,* 27 *Ga. App.* 430 (108 S. E. 822); *Brown* v. *Meikleham,* 34 *Ga. App.* 207 (4) (128 S. E. 918); *Georgia Ry. &c. Co.* v. *McElroy,* 36 *Ga. App.* 143 (136 S. E. 85); *Clinton* v. *State,* 41 *Ga. App.* 661 (154 S. E. 377).

2. "No person shall operate a motor-vehicle upon any public street or highway at a speed greater than is reasonable and safe, having due regard for the width, grade, character, traffic, and common use of street or highway, or so as to endanger life or limb or property in any respect whatsoever," and no speed upon any such street or highway should exceed forty miles per hour. Ga. L. 1927, pp. 226, 236.

(*a*) It was error for the court to fail to give this principle of law in charge to the jury, even without a request, where the defendant in his answer set up that the plaintiff operated his automobile in a reckless manner and at a speed between fifty and sixty miles per hour, and that the damage to plaintiff's automobile was brought about by his own negligence in so operating his automobile, the evidence in behalf of the defendant tending to sustain this contention.

(*b*) The law of the case must be given to the jury, covering the substantial issues made by the evidence, whether requested or not, or attention called to it or not; otherwise the verdict will be set aside. *Central Railroad* v. *Harris,* 76 *Ga.* 501, 511; *Central of Ga. Ry. Co.* v. *Prior,* 142 *Ga.* 536, 538.

(*c*) It is error for the court to fail to charge the jury the law applicable to a defense pleaded in the answer and supported by the evidence. *Jones* v. *Alred,* 41 *Ga. App.* 472 (2) (153 S. E. 444).

3. It follows that the court erred in overruling the motion for new trial.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED SEPTEMBER 20, 1932.

*Duke Davis, L. L. Meadors,* for plaintiff in error.
*R. W. Martin,* contra.