### 22686. CLARK *v.* SAPP.

JENKINS, P. J. Plaintiff, a landlord, sued on a rent note given in pursuance of a lease contract. The tenant filed two defenses,—first, that the landlord had constructively evicted him by failing to make certain necessary repairs stipulated by the contract, to wit, fixing the light in the cupola, painting the woodwork in the bathroom, fixing the screen, and stopping the leaks in the roof of the rented house, and that by the landlord's failure to comply with such agreement, the premises had become untenantable; and second, that the landlord had impliedly agreed to a rescission of the rental contract by accepting the keys from defendant, after failure to comply with the agreement to repair, and thereafter entering upon said premises and taking possession thereof and placing rent-signs and placards thereon. The evidence was conflicting upon both of the issues made by the answer. The jury found in favor of the plaintiff; and the defendant, on the overruling of his certiorari, brought to this court his exceptions, the special grounds of which appear from the holdings made in the syllabus. *Held:*

1. "Where a landlord covenants to keep premises in repair, his failure to do so, whereby their use by the tenant is impaired, will not work a forfeiture of the rent, unless the premises become untenantable and a constructive eviction results." *Lewis* v. *Chisholm,* 68 *Ga.* 40 (3). The evi-

dence being in conflict upon the issues thus involved, the verdict and judgment in favor of the plaintiff landlord can not be disturbed on the general grounds, with reference to the first of the two defenses pleaded.
(a) Nor did the court err in excluding certain testimony relative to the landlord's failure to provide certain screening which he had not expressly agreed to install.  Such failure, even if it could be taken as throwing any light upon the question whether the premises were untenantable, was nothing more than a patent defect existing before the renting, known to both parties alike, and the landlord, under the law of this State, was not bound to make such improvements without a special undertaking so to do.  *Aikin* v. *Perry,* 119 *Ga.* 263 (2, 3)  (46 S. E. 93) ; *Driver* v. *Maxwell,* 56 *Ga.* 12 (2) ; *Williams* v. *Jones,* 26 *Ga. App.* 558 (106 S. E. 616) ; *Moore* v. *Rosser,* 13 *Ga. App.* 392 (2)  (79 S. E. 246).
(b) Defendant assigns error on the failure of the trial judge to declare a mistrial, after the jury had returned from an inspection of the rented premises, because, after the arrangement for such inspection had been made out of the presence of the jury, counsel for plaintiff,· in closing his case, stated to the judge in the jury's presence, "We rest, we make our motion now;" whereupon the judge turned to the jury and told them that they were permitted by the court to view the premises; and because, after the arrival of the jury at the house, plaintiff, in the jury's presence, went on the porch and arranged with a lady tenant ̇for the jury to enter, and thus created an ̇atmosphere resembling a relation of host to the jury.  This exception is without merit, especially in view of the certificate of the judge that "nothing occurred in the presence of the jury to indicate to the jury that the defendant in any way objected to their seeing the premises," that "the original motion made by the plaintiff to permit the jury to view the premises was made out of the presence of the jury, and so far as I saw and am aware, there was no way for the jury to have known but that both plaintiff and defendant desired or did not object that the jury see the premises."

2. The court, whether requested to do so or not, should charge the jury on each substantial and controlling issue made by the pleadings and evidence in the case.  *Phenix Ins. Co.* v. *Hart,* 112 *Ga.* 765 (38 S. E. 67) ; *Freeman* v. *Nashville Ry. Co.,* 120 *Ga.* 469 (47 S. E. 931) ; *Atlanta &c. Ry. Co.* v. *Gardner,* 122 *Ga.* 82 (8)  (49 S. E. 818) ; *Augusta-Aiken Ry. Corp.* v. *Sibert,* 12 *Ga. App.* 163, 166, 167 (76 S. E. 1044).  A rescission, annulment, or surrender of a lease or tenancy may not only be express, but may be implied from acts and conduct of the landlord and tenant inconsistent with such relationship.  While the mere taking of the keys to the rented premises by the landlord from a vacating tenant "will not itself alone operate to establish as a matter of law an implied surrender and acceptance," yet where there are other facts and circumstances so indicating, the jury may consider the acceptance of the keys by the landlord with the words and acts of the parties and other facts and circumstances surrounding the tenant's removal.  *Ledsinger* v. *Burke,* 113 *Ga.* 74, 75 (38 S. E. 313) ; *Kessler* v. *Slappey,* 34 *Ga. App.* 614, 617 (130 S. E. 921) ; *Schachter* v. *Tuggle Co.,* 8 *Ga. App.* 561 (2)  (70 S. E. 93) ; *Lamb* v. *Gorman,* 16 *Ga. App.* 663 (2)  (85 S. E. 981) ; *Gay* v. *Peake,* 5 *Ga. App.* 583 (3)  (63 S. E. 650).  In the instant case, there was testi-

mony for the defendant tending to indicate that, at the time the keys were surrendered, the landlord agreed to a rescission of the lease contract, took possession of the premises, and placarded the same as being for rent. Accordingly, it must be held reversible error for the judge to confine his charge solely to the first defense relating to constructive eviction, without instructing the jury that they might consider, under the evidence, whether or not there had been an express or implied rescission of the contract.

3. Counsel contend that a finding in favor of the plaintiff was demanded by the evidence on the issue as to rescission, particularly by reason of the language in the lease contract, which, in their brief, they quote as follows: "Lessor, at his option, upon a breach of this contract, for any reason, may card for rent and sublet the premises at the best price obtainable by reasonable effort, under private negotiations, and charge the balance, if any, between said price of subletting and the contract price to lessee, and hold him therefor. Such subletting on the part of the lessor will not in any sense be a breach of the contract on the part of the lessor, but will be merely as agent for the lessee and to minimize the damage." Any such language in the lease contract can not, however, be considered by this court, and no decision can be made as to the legal effect of such language upon the merits of the case on the issue of rescission. This is true for the reason that it nowhere appears in the petition for certiorari from the municipal court, the exhibits thereto, the answer of the trial judge, or elsewhere in the record, that such lease agreement was put in evidence. Nor does it appear that any secondary evidence was admitted without objection, showing that the lease contract contained such a stipulation; although the existence of a written lease contract was expressly pleaded by the defendant, and other provisions of such a contract were referred to in the oral testimony. This court can not of its own motion order that the record be completed, by directing the clerk of the superior court to send up the supposed missing instrument, since it does not appear that it was introduced in evidence or accompanied the record sent from the municipal court to the superior court, or was there filed.

4. Under the foregoing rulings, the judgment of the superior court dismissing the certiorari must be reversed for the reason set forth in the 2d paragraph of the syllabus.

*Judgment reversed. Stephens and Sutton, JJ., concur.*

Decided May 29, 1933.

*E. H. Wilson, Eugene Horne,* for plaintiff in error.
*Walter DeFore, James C. Estes, V. J. Adams,* contra.