24687.   RICE *v.* HARRIS.

DECIDED OCTOBER 26, 1935.

*J. P. Knight,* for plaintiff in error.
*Harrell & Lilly,* contra.

JENKINS, P. J.   Gaskins and his wife, owing Harris a past-due debt, made a contract with Rice on January 22, 1931, which was signed by all the parties, and in which Harris extended the time of payment until October 15, 1931; and Rice agreed that if Gaskins and his wife failed to pay at that time, and surrendered possession of certain land and personal property to Rice, he assumed and agreed to pay their indebtedness to Harris.   Harris sued Rice on this alleged contract.   The answer set up that there was no consideration to the defendant; that the contract was conditional, the defendant's liability being dependent upon compliance with the condition precedent that the agreed property should be surrendered to him; and that possession of the property had never been delivered to him.   The evidence showed without conflict that the contract as alleged was executed, and that the parties had agreed that surrender of the property was to be a condition precedent to the defendant's liability and assumption of the debt.

The plaintiff and his attorney testified that Gaskins and his wife actually tendered the property to Rice, but that Rice refused to accept it, and merely asked Harris for an extension of the time of payment. The testimony of Harris was somewhat ambiguous and contradictory as to the alleged surrender or tender. Rice denied that any surrender or tender was made. The jury found for the plaintiff, and a new trial was refused. The defendant excepted on the general grounds; to the failure to charge the principles stated in the Code, §§ 20-109, 20-110, relative to conditional contracts and conditions subsequent; and to the following instruction as erroneous and calculated to mislead the jury: "The court charges you that a conditional contract between parties, whenever the conditions are complied with upon the part of one party, it is a binding contract if signed by all parties—it is a binding contract upon the other parties to the contract. But until those conditions are complied with, if it is a conditional contract—and it is contended in this case that this is a conditional contract, and it is contended that the conditions have not been complied with in the contract." Immediately following, the judge charged: "The defendant in the case contends that the property never was delivered to him, and he has never had the possession of it. On the other hand, the plaintiff contends that it has been delivered, and a proper tender has been made in accordance with the terms of the contract. Now, this is one of the main issues of fact in this case for you to determine." Previously, the judge had also stated the defense made in the answer as to the defendant's contention that the contract was conditional, and that possession of the property had never been delivered to him. The language quoted was, however, the only instruction given with regard to the legal rules governing conditional contracts and conditions.

1. The written contract sued on was not without a valuable consideration to the defendant, since the plaintiff, in consideration of the conditional assumption by the defendant of past-due indebtedness of third persons, expressly agreed to extend the date of maturity of the debt, and thereby sustained an "injury." Code of 1933, § 20-302. Under the undisputed evidence, however, the contract, the liability of the defendant, and his assumption of the debt were based on the conditions precedent, that the plaintiff would extend the maturity to the date stated, that the third per-

sons would fail to pay at that time, and that they would surrender to the defendant certain described real estate and personalty. There was no conflict in the testimony as to a compliance with these conditions, except as to whether there had been a surrender or tender of the property to the defendant; and as to this the verdict for the plaintiff was authorized.

2. "A contract may be absolute or conditional. . . In the latter, the covenants are dependent the one upon the other, and the breach of one is a release of the binding force of all dependent covenants." Code, § 20-109. "Conditions may be precedent or subsequent. In the former, the condition must be performed before the contract becomes absolute and obligatory upon the other party." § 20-110.

3. "The court, whether requested or not, should charge the jury on each substantial and controlling issue made by the pleadings and evidence in the case." *Clark* v. *Sapp*, 47 *Ga. App.* 91 (2) (169 S. E. 692), and cit. This requires a statement of the law governing such issues, even without a request. *Investors Syndicate* v. *Thompson*, 172 *Ga.* 203 (2-*b*) (158 S. E. 20); *Mobley* v. *Merchants & Planters Bank*, 157 *Ga.* 658 (122 S. E. 233); *Pusser* v. *Thompson*, 147 *Ga.* 60 (92 S. E. 866); *Atlanta, Knoxville &c. Ry. Co.* v. *Gardner*, 122 *Ga.* 82 (8), 93 (49 S. E. 818); *Harvey* v. *Bartow County*, 31 *Ga. App.* 84 (119 S. E. 538); *VanValkenberg* v. *Wood*, 41 *Ga. App.* 564 (153 S. E. 924).

4. In the instant suit on a written contract, where the sole contested issue was whether or not the admitted condition precedent of the contract, which required two third persons to surrender certain agreed property to the defendant, had been performed by a surrender or tender of the property, it was the duty of the court, without a request, to instruct the jury as to the substance of the legal rules above quoted, embodied in the Code, §§ 20-109, 20-110, controlling conditional contracts and conditions precedent. The only statement of the law on the subject, exception to which was taken, was that "a conditional contract between parties, whenever the conditions are complied with upon the part of one party, it is a binding contract, if signed by all parties— it is a binding contract upon the other parties to the contract." While the court elsewhere charged the *contentions* of the parties on the only contested issue, these instructions could not be taken as

45

formulating the governing rules of law. The expression that "whenever the conditions are complied with by *one party, it is a binding contract, if signed by all parties*," was likely also to have confused the jury into thinking that if the contract was signed by all, as it indisputably was, it was binding and enforceable, if only "*one* party," either the plaintiff or the defendant, complied with its conditions, especially since the contract contained conditions to be performed by each of the parties. The charge given did not cover, but imperfectly stated, the law on the vital contention of the defendant that the condition precedent of his liability, the surrender or tender of the described property to him, must have been performed by the third persons before the contract became absolute and obligatory on his part, and that if there was a non-performance or breach of this condition the defendant would not be liable upon his dependent undertaking. For this reason only, it was error to refuse a new trial.

*Judgment reversed. Stephens and Sutton, JJ., concur.*