24910. CAMILLA COTTON-OIL CO. *et al. v.* CAWLEY.

DECIDED DECEMBER 16, 1935.

*J. A. Comer, C. E. Crow,* for plaintiffs in error.
*James H. Pate,* contra.

SUTTON, J. This was an automobile damage action brought by Cawley against the oil company and its servant Hadaway, alleging that, while in and about the business of his employer, Hadaway was driving its automobile truck at the time of the collision between it and the plaintiff's automobile, which resulted in the injuries complained of. The plaintiff charged that about 6:30 p. m., after dark, Hadaway negligently drove the truck along a public highway and across an intersecting highway at a rapid and unlawful rate of speed, without due regard to the traffic conditions or the rights of other users of the highway, including the plaintiff; that in meeting and passing three other trucks being operated one behind the other, Hadaway carelessly allowed the front part of his truck to get beyond the center line of the highway over upon the plaintiff's side of the road; that the plaintiff was driving 60 to 90 feet behind these three trucks, and meeting the truck being driven by Hadaway, who, upon observing the plaintiff and while about to pass him, without warning negligently swerved to his left and towards the plaintiff, and thereby collided with him; that the plain-

tiff was driving his automobile at a moderate rate of speed, and in the exercise of ordinary care for his own safety could not get out of the way and avoid a collision; and that the plaintiff, while approaching the crossing at about 25 miles per hour, had at the time checked his speed, it being his intention to turn to the right and proceed westward in said intersecting road. He prayed for recovery of damages for pain and suffering and impairment of earning capacity, and for special damages on account of the destruction of his automobile and medical expenses. The defendants admitted the relation of master and servant, and that at the time of the injury the truck was being operated by Hadaway about the business of the company, but denied that the plaintiff's injuries were the result of their negligence, and set up that the collision was caused by plaintiff's own negligence in not keeping to his right at the time, but in attempting to pass the three trucks proceeding in the same way he was traveling, when the way in front was not clear, and at an unlawful rate of speed. The jury returned a verdict in the plaintiff's favor, against both defendants, for $250 "special damages" and $2250 "for disability." The defendants moved for a new trial on the general grounds and on three special grounds. The judge overruled the motion, and the defendants excepted.

1. While the brief of evidence is perhaps not in strict compliance with the Code of 1933, § 70-305, or the early decisions of this court construing that section, still it appears that the evidence was stenographically reported, and that the brief of evidence consists of the stenographer's report reduced to narrative form. "In all cases in which the testimony has been stenographically reported, the same may be reduced to narrative form." Therefore, in view of the fact that this practice is generally followed by the lawyers of this State, this court does not feel constrained to refuse to consider the brief of evidence, which substantially complies with the rule in this respect. The Code section cited indicates that when the evidence is stenographically reported, the brief may be made by reducing the stenographer's report to narrative form.

2. The judge did not err in that he expressed an opinion that the defendants were negligent, by instructing the jury that "Those are matters you may consider; and if there is negligence on the part of the plaintiff, but such negligence is less than that of the

defendant, and it does not amount to a failure to exercise ordinary care and diligence, then he might recover, but the amount he recovered would be reduced in proportion to the amount of negligence attributable to the plaintiff," when this excerpt is considered in the light of and in connection with the charge immediately preceding and succeeding it. "In determining whether an excerpt from a charge is subject to the criticism that it contains an expression or intimation of opinion as to what has or has not been proved, the excerpt shall be considered in the light of the entire charge. Upon application of this principle the extract from the court's charge in this case, as excepted to upon the ground that it expressed an opinion on the facts, did not constitute reversible error." *Bainbridge Coca-Cola Bottling Co.* v. *Miller,* 38 *Ga. App.* 763 (3) (145 S. E. 473); *Oliff* v. *Howard,* 33 *Ga. App.* 778, 782 (127 S. E. 821); *Seaboard Air-Line Ry.* v. *Shensky,* 36 *Ga. App.* 163 (4) (136 S. E. 178).

3. The court charged: "Now, in regard to the allegations of injuries that the plaintiff says, or sets up, resulted from the collision, he denies those. He admits that the collision occurred in Turner County, Georgia, but denies the remainder of the paragraph, setting forth specifically a, b, c, d, e, f, and other subparagraphs, and says that if the plaintiff suffered such injuries the same was the result of plaintiff's own negligence in attempting and endeavoring to pass the trucks he was following without having a clear road and way in which to do so." While this charge was not entirely accurate, the defendants' answer as properly construed neither admitting nor denying the plaintiff's allegations as to his injuries, it does not appear how or in what manner the defendants were harmed thereby, or the jury influenced in making their verdict.

4. The plaintiffs in error contend that the court erred in not giving the following charge to the jury: "An operator of a vehicle overtaking another vehicle going in the same direction, and desiring to pass the same, shall pass to the left of the vehicle overtaken, provided that the way ahead is clear of approaching traffic; but if the way is not clear, he shall not pass unless the width of the roadway is sufficient to allow his vehicle to pass to the right of the center thereof in the direction in which his vehicle is moving," and that the failure so to charge was injurious and harmful to

them. It is also alleged that "It was the contention of the defendants that the plaintiff at the time of the collision was apparently attempting to pass to the left of three trucks he had been following on the highway, the plaintiff at the time not having a clear way in which to do so; and that the carelessness and negligence of the plaintiff in attempting to pass the three trucks was the sole and proximate cause of the plaintiff's injuries;" and that "said charge was applicable and material to the defense pleaded by the defendants and supported by the evidence, and the failure to charge the same deprived the defendants of the law covering one of the substantial, if not the substantial issue, in said case, so far as defendants were concerned." It is also alleged that "The failure to give in charge to the jury said principle of law deprived the defendants of having submitted to the jury a principle of law covering the defense set up in their answers and sustained by the evidence;" and that said principle of law was not covered by the general charge, and was peculiarly appropriate to the facts in this case. It is contended by the defendant in error that this ground can not be considered by this court, as it is not complete and understandable within itself. We are of the opinion that this position is not well taken. The omitted instruction states the terms of the statute which provides how an operator of a vehicle overtaking another vehicle going in the same direction, and desiring to pass the same, shall pass. In this ground it is alleged that it was the contention of the defendants that the plaintiff failed to observe this rule at the time of the accident, and that this was set up as a defense in defendants' pleadings and was proved by their evidence. This ground, in effect, alleges what the defendants' pleadings were in this respect, and alleges that the evidence supported this defense. We are of the opinion that this is a substantial compliance with the rule that a ground of a motion for new trial must be complete and understandable within itself; and in this respect the case is unlike *Beavers* v. *State,* 33 *Ga. App.* 370 (126 S. E. 305), *Cardin* v. *State,* 37 *Ga. App.* 106 (139 S. E. 120), *Sandersville Railroad Co.* v. *McDaniel,* 37 *Ga. App.* 34 (138 S. E. 584), *Brazil* v. *LaGrange,* 37 *Ga. App.* 500 (140 S. E. 782), and similar decisions. This principle of law was the main defense relied on by the defendants. It is the duty of the court to give in charge to the jury the law applicable to the issues made

272

by the pleadings and the evidence, and a failure to do so, when injurious and harmful to the losing party, is reversible error. *Aubrey* v. *Johnson,* 45 *Ga. App.* 663 (2, *b, c*) (165 S. E. 846); *Pryor* v. *Coggin,* 17 *Ga.* 444. It is not enough to give in charge the contentions of the parties, but the court must also give the law applicable thereto. *Atlanta &c. Ry. Co.* v. *Gardner,* 122 *Ga.* 82 (8) (49 S. E. 818). It follows that the judge erred as here contended.

5. As we grant a new trial for the error last mentioned, we will not pass on the sufficiency of the evidence to support the verdict. The court erred in overruling the motion for new trial.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*