### 34332. JACKSON v. MATLOCK.

WORRILL, J. 1. It is the duty of the trial judge to charge the jury the law as to every controlling, material, substantial, and vital issue in the case, even though no written request to do so is submitted. *Pryor* v. *Coggin*, 17 Ga. 444; *Phenix Insurance Co.* v. *Hart*, 112 Ga. 765 (1) (38 S. E. 67); *Mobley* v. *Merchants & Planters Bank*, 157 Ga. 658 (1) (122 S. E. 233); *Investors Syndicate* v. *Thompson*, 172 Ga. 203 (2b) (158 S. E. 20); *Williford* v. *Swint*, 183 Ga. 375 (1) (188 S. E. 685); *McLendon* v. *State*, 14 Ga. App. 737 (4) (82 S. E. 317); *Harvey* v. *Bartow County*, 31 Ga. App. 84 (1) (119 S. E. 538); *VanValkenburg* v.

*Wood,* 41 *Ga. App.* 564 (1) (153 S. E. 924); *Awbrey* v. *Johnson,* 45 *Ga. App.* 663 (2b) (165 S. E. 846); *Clark* v. *Sapp,* 47 *Ga. App.* 91 (2) (169 S. E. 692); *Rice* v. *Harris,* 52 *Ga. App.* 42 (3), 44 (182 S. E. 404); *C. V. Hill & Co.* v. *Weinberg,* 67 *Ga: App.* 44, 49 (19 S. E. 2d, 430). Consequently, where the plaintiff alleged in his petition that the defendant attempted to pass another automobile going in the same direction as the defendant, and thereby drove his automobile onto the left side of the road in front of the plaintiff's automobile which was traveling in the opposite direction, at a point where vision ahead was obscured, and that the plaintiff, in order to avoid a collision with the defendant's automobile, turned his automobile to the right, ran off the road, and was injured thereby, which allegations the defendant in his answer denied; and where the evidence showed, by the testimony of the defendant himself, that he was attempting to pass an automobile traveling in the same direction as he was traveling, at a point where there was "a long hill headway," that, before he had passed the other automobile, he observed the plaintiff's automobile coming over the hill "just flying," and applied his brakes, attempted to cut back in behind the other automobile, and skidded and finally stopped with the front end of his automobile slightly over the center line of the highway—the question as to whether the plaintiff's injuries were caused by the attempt of the defendant to pass another automobile traveling in the same direction as he was traveling, on the crest of a hill or at a point where his vision was obscured, was directly presented by the pleadings and the evidence, and the trial court erred in failing to charge substantially in the language of the Code, § 68-303 (d), even though not requested so to do, and the court erred in overruling the 4th and 5th grounds of the amended motion for a new trial complaining of such failure to charge. See, in this connection, *Wells* v. *Steinek,* 49 *Ga. App.* 482 (1) (176 S. E. 42); *Camilla Cotton-Oil Co.* v. *Cawley,* 52 *Ga. App.* 268 (4) (183 S. E. 134); *Sikes* v. *Wilson,* 74 *Ga. App.* 415 (1) (39 S. E. 2d, 902); *Southern Ry. Co.* v. *Garland,* 75 *Ga. App.* 98 (2) (41 S. E. 2d, 925).

2. In the 3rd special ground, complaint is made of the following charge: "Now, I charge you, gentlemen, every person operating a vehicle upon a public street or highway when meeting another vehicle coming from the opposite direction on the same highway is required to turn his car to the right of the center of the highway so as to pass without interference, and failure to do so would constitute negligence on his part. If such negligence should be the proximate cause of the injury to himself he would not be entitled to recover. That would be applicable also to the defendant in the case." That charge was error requiring the grant of a new trial, because as worded it submitted to the jury an issue as to whether the plaintiff was barred from recovery by reason of his failure to turn his automobile to the right of the center of the highway when there were no pleadings or evidence authorizing such a charge. It is error to submit to the jury an issue raised by neither the pleadings nor the evidence. *Atlantic Co.* v. *Taylor,* 82 *Ga. App.* 361 (5), 369 (61 S. E. 2d, 204).

3. Mere redundancy of expression in a charge is not cause for reversal;

and while perhaps the charge that, "If one, in the operation of an automobile, upon the public street or thoroughfare, should exercise that degree of care which is exercised by ordinarily prudent persons under the same or similar circumstances to prevent injury to another, he would not be guilty of negligence in failure to exercise ordinary care," was inaptly worded and amounted to no more than saying that if one exercises the care of an ordinarily prudent person, he is not guilty of the failure to exercise such care, it is not shown to have been particularly harmful to or to have injured the plaintiff; and the trial court did not err in overruling the 4th special ground of the amended motion for new trial.

4. The trial court erred in charging that, if the jury should find that the plaintiff and the defendant were equally negligent, the plaintiff would not be entitled to recover, without instructing the jury in connection therewith that the negligence of the plaintiff which would bar his recovery under such rule must have proximately contributed as a cause of the injury received by the plaintiff. Mere negligence on the part of the plaintiff would not bar a recovery for injuries received as a result of the negligence of the defendant unless such negligence of the plaintiff proximately caused or contributed as a proximate cause to the injury sustained.

*Judgment reversed. Sutton, C. J., Gardner, P. J., Townsend and Carlisle, JJ., concur. Felton, J., concurs specially.*

Decided February 14, 1953.

*Kennedy & Bulloch,* for plaintiff in error.
*Colquitt Carter, W. S. Allen,* contra.

Felton, J., concurring specially. I concur in the judgment of reversal, but I do not think that Code § 68-303 (d) is applicable under the facts of this case. The defendant did not cause any damage while he was attempting to pass a vehicle or when the plaintiff thought he was trying to do so. The defendant pulled into the left-hand lane preparatory to passing a vehicle, which is not prohibited by law; and when he saw the plaintiff approaching five or six hundred yards away, he pulled back into his lane (his side of the road) and did not pass or attempt further to pass the truck in front of him. When the defendant pulled back to his side of the road, he ran off the right-hand side and lost control of his vehicle, which came to a stop with a fender on the plaintiff's side of the road. The plaintiff first saw the defendant when he, the defendant, was on the right-hand shoulder of the road. If the defendant was guilty of negligence, it was common-law negligence and not a violation of the above statute.