## 38188. NOLAND v. ENGLAND.

TOWNSEND, Judge. Allen Noland filed an action for damages against L. M. England in the Superior Court of Murray County because of personal injuries received in an intersection collision. England filed a cross-action for damages resulting from the same collision. The trial resulted in a verdict for the defendant. The plaintiff assigns error on the denial of his motion for new trial on three special grounds, the general grounds having been abandoned.

1. "In view of the verdict in favor of the defendant, any error in the charge of the court relative to the duty of the plaintiff to exercise ordinary care in mitigating the damages, or which might necessarily have relieved the defendant from any damage resulting from the improper or unskillful treatment of the plaintiff, even though the plaintiff might have exercised ordinary care in the selection of his physician, would not authorize a reversal, since such charge related only to the measure of damages. *Southwest Georgia Development Co. v. Griffin*, 38 *Ga. App.* 276 (143 S. E. 784)." *Donaldson v. Central of Georgia Ry. Co.*, 43 *Ga. App.* 480, 483 (3) (159 S. E. 738). The first special ground, which complains of the charge given on mitigation of damages on the sole ground that it was not authorized by the evidence, was not in any event harmful error where the jury found in favor of the defendant on the question of liability.

2. Code (Ann.) § 68-1610 (c) provides: "The disregard or disobeyance of the instructions of any official traffic-control device or signal, placed in accordance with the provisions of this law, by the driver of a vehicle, shall be deemed as prima facie evidence of a violation of law, without requiring proof of who and by what authority such sign or device has been erected." In view of this statutory provision making proof of the existence of such traffic sign or signal prima facie evidence of its having been placed there by a proper authority, and in view of the evidence on the trial of this case that the plaintiff was on a road approaching the intersection at which the collision occurred on U. S. Highway 411, a public highway of the State, and that there was a stop sign regulating traffic approaching such highway; a charge to the effect that "The State Highway Board with reference to State highways, and local authorities with reference to other highways under their jurisdiction,

may designate through highways and erect stop signs at specified entrances thereto," etc., was not error, as contended, on the ground that it gave the defendant the benefit of the defense that the plaintiff had violated an official stop sign placed there by the State Highway Board when there was no evidence to that effect.

3. The court charged: "If you believe under the evidence in this case that the plaintiff, by looking as he approached the highway, or by using ordinary care for his own safety, could have avoided his truck being struck by the tractor driven by the defendant, and if you believe that such was the proximate cause of the wreck, then the plaintiff would not be entitled to recover. . . The same rule would apply as to the cross-action of the defendant." It is contended that the words "by looking as he approached the highway" were an instruction that the jury should find as a matter of law that if the plaintiff failed to look as he entered the highway, this would be negligence barring recovery, whereas the rule is that whether or not a given act constitutes negligence (except where the act is a violation of law) is a question to be left for jury determination. We do not so interpret the instruction. The court in effect said that if the jury found the plaintiff entered the highway without looking for approaching traffic, *and* if his failure to look was the proximate cause of his injury, he could not recover. The charge was not an instruction to the jury that such a statement of facts must be found by them to constitute negligence. See *Savannah Elec. Co.* v. *Bennett,* 130 *Ga.* 597 (1) (61 S. E. 529); *Central R. & Bkg. Co.* v. *Neighbors,* 83 *Ga.* 444 (1) (10 S. E. 115).

4. In *Jackson* v. *Matlock,* 87 *Ga. App.* 593 (4) (74 S. E. 2d 667) it was held: "The trial court erred in charging that, if the jury should find that the plaintiff and the defendant were equally negligent, the plaintiff would not be entitled to recover, without instructing the jury in connection therewith that the negligence of the plaintiff which would bar his recovery under such rule must have proximately contributed as a cause of the injury received by the plaintiff." The rule is sound, but it is always a rule which must be applied, not only in regard to the excerpt from the charge complained of as error, but in relation to the charge as a whole, the question being whether in the charge as given, the jury must have fully understood that

the negligence referred to was negligence which was a part of the proximate cause. The charge on comparative negligence here was apparently taken from *Central of Georgia Ry. Co. v. McKey,* 13 *Ga. App.* 477 (4) (79 S. E. 378), where its refusal was held error. The original record in the *Jackson* case, supra, shows that the court in his charge referred to proximate cause only twice, each time in such a manner as to restrict it to the particular rule of law he was instructing upon in connection with it. The charge in this case follows a different pattern; the court charged fully as to what proximate cause means, and that negligence, to be the basis for a recovery, must be the proximate cause of the injury. Immediately thereafter he charged Code § 105-603 relating to comparative negligence; in the next sentence he instructed them that if failure to look or exercise ordinary care to avoid the negligence of the opposite party was the proximate cause of injury there could be no recovery, and in the next sentence he gave the charge complained of, that if the negligence of the plaintiff exceeded that of the defendant or equalled it there could be no recovery. He thus by definition limited negligence to that negligence which constituted proximate cause, and, having done so, dealt with the question of when such negligence would bar recovery. It follows that the excerpt complained of was not error when viewed in its context.

The trial court did not err in denying the motion for new trial.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED MARCH 18, 1960.

*Robert L. Vining, Jr., Mitchell & Mitchell,* for plaintiff in error. *Pittman, Kinney & Pope, H. E. Kinney,* contra.