39319. CARTER, by Next Friend v. HUTCHINSON.

DECIDED APRIL 25, 1962—REHEARING DENIED MAY 17, 1962.

*Maxwell A. Hines, Seymour S. Owens,* for plaintiff in error.
*Bob Reinhardt, Robert R. Forrester,* contra.

FRANKUM, Judge. ■ The first special ground of the motion for new trial assigns error on the following excerpt from the court's charge to the jury: "Now I charge you that if you should determine that the plaintiff is entitled to a verdict for damages on account of defendant's negligence, if you find there is any and that there was no accident on behalf of the defendant, the measure of those damages would be on account of pain and suffering, mental and physical, reasonably and proximately resulting from such injuries and which would extend into the future." One of the contentions of the movant is that: "The said charge of the court was confusing to the jury in that it indicated to the jury that in order for the jury to award a verdict in any amount in favor of the plaintiff the jury would be required to first find that plaintiff's alleged pain and suffering must have been found not only to have reasonably and proximately resulted from such injuries but that, in addition thereto, that such pain and suffering would also extend into the future." This excerpt from the charge may be inept and subject to criticism, but when it is considered in connection with the entire charge, it is not likely to have misled the jury. If the jury had found the defendant liable for damages, there was ample evidence to show that the plaintiff had sustained both temporary and permanent injuries as a result of having been struck by the defendant's automobile.

"Where the jury finds for the defendant, the plaintiff ordinarily can not have been hurt by any error in the court's instructions as to the measure of damages. This general statement may be subject to exceptions, but it is applicable here." *Sarman v.*

*Seaboard Air-Line R. Co.,* 33 Ga. App. 315 (6), supra. See *Milledge v. Boyett,* 102 Ga. App. 628 (117 SE2d 643); *Carroll v. Yearty,* 102 Ga. App. 677 (117 SE2d 248). Accordingly, even if the movant has shown error, he has failed to show harmful error in the giving of the charge complained of. The charge was not prejudicial error for any of the reasons assigned in this ground of the motion.

■ The second, third, and fourth special grounds of the motion raise essentially the same question, viz., that the court erred in failing to charge without request that the plaintiff would be entitled to recover upon proof that the defendant committed any one or more of the acts of negligence charged against him in plaintiff's petition, and that such act or acts of negligence resulted in the injuries sustained by the plaintiff. Where a plaintiff alleges several acts of negligence against the defendant, a charge to the effect that the plaintiff must prove all acts of negligence alleged in his petition before a verdict for the plaintiff would be authorized constitutes error. *Harrison v. League,* 93 Ga. App. 718 (92 SE2d 595); *Everett v. Clegg,* 213 Ga. 168 (97 SE2d 689). However, the court in this case did not commit such error. The court charged "that if you [jury] should determine that the plaintiff is entitled to a verdict for damages on account of defendant's negligence if you find there is any . . ." The charge was not as full and complete as it should have been with reference to the plaintiff's right to recover upon proof of any one or more of the acts of negligence alleged against the defendant. However, juries are composed of upright and intelligent citizens, and we believe that in the instant case the jury would have construed the charge to mean that the plaintiff would be entitled to recover if he had proved by a preponderance of the evidence that the defendant committed any one or more of the acts of negligence alleged, which proximately resulted in the injuries sustained by the plaintiff. Therefore, we conclude that reversible error was not committed by the court for any of the reasons stated in the second, third, and fourth special grounds of the motion for a new trial.

■ In the fifth special ground of the motion movant contends that the court erred in failing to charge without a written

request that: "No person shall drive a vehicle on a street or highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. If the jury should find that, at the time and place of the collision in which plaintiff was struck by the vehicle then being driven by the defendant, the defendant was then driving at a speed greater than . . . [was] reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, the defendant then would be guilty of negligence as a matter of law." We agree that the court should have charged in substance this principle. The plaintiff alleged in his petition that at the time the defendant's automobile struck him the defendant was "driving his said vehicle along said street at a speed greater than reasonable and prudent under the conditions then existing . . . in violation of Section 68-1626 (a) of Code of Georgia, which negligence constituted negligence per se." See *Teague v. Keith,* 214 Ga. 853 (1) (108 SE2d 489). The court did not charge that: "No person shall drive a vehicle on a street or highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing." *Code Ann.* § 68-1626 (a).

Under the allegations in the plaintiff's petition and the evidence in the case, a substantial and vital issue was raised as to whether the defendant was driving his automobile at a speed greater than was reasonable and prudent under the conditions and without regard to the actual and potential hazards existing at the time and place of the collision.

"The court's charge to the jury must present the law governing the substantial and controlling issues made by the pleading and the evidence, even without request." *Rice v. Harris,* 52 Ga. App. 42 (3) (182 SE 404). See also *Jackson v. Matlock,* 87 Ga. App. 593 (74 SE2d 667) ; *Awbrey v. Johnson,* 45 Ga. App. 663 (165 SE 846) ; *Mobley v. Merchants &c. Bank,* 157 Ga. 658 (122 SE 233) ; *Investors Syndicate v. Thompson,* 172 Ga. 203 (158 SE 20).

In *Central Railroad v. Harris,* 76 Ga. 501, 511, the Surpeme Court held: "[F]rom an early date this court has uniformly held

that the law of the case must be given the jury to the extent of covering the substantial issues made by the evidence, whether requested or not, or attention be called to it or not; otherwise the verdict will be set aside." See *Atlanta &c. R. Co. v. Gardner*, 122 Ga. 82 (49 SE 818). The court erred in overruling this ground of the motion.

■ In the seventh special ground movant contends that the court erred by admitting in evidence testimony of the defendant in response to the following question: "Do you know of anything else, on the spur of the moment, that you could have done that you didn't do to avoid striking the child? A. If it had been possible to turn to the right or left, I would have done so; I thought I could stop before I hit the child." Movant objected to this testimony upon the ground that the answer was a conclusion, and the court overruled this objection. The record shows that this testimony was given after a protracted examination of the defendant concerning the events and surrounding conditions at the time and place of the collision. This exact situation was ruled upon adversely to the movant's contention in *Bentley v. Ayers*, 102 Ga. App. 733 (117 SE2d 633). This ground is without merit.

■ The defendant, by his answer, pleaded accident, and the evidence authorized a charge on the defendant's contention of accident. The eighth special ground, which contends that the court's charge upon accident was not authorized by the facts and issues of this case, is without merit.

*Judgment reversed. Nichols, P. J., and Jordan, J., concur.*