## 51688. WALKER v. BURTON et al.

BELL, Chief Judge.

In this action for personal injury and property damage based on negligence, the jury returned a verdict for the defendants and plaintiff appeals.

It was shown that plaintiff while operating her vehicle along a street in Thomasville, Georgia collided with the rear end of a leading vehicle. A third vehicle driven by defendant, Sheri Burton, in turn rear-ended the plaintiff's car and caused it to again strike the rear of the first car. *Held:*

1. The court charged the jury on comparative negligence but in connection therewith did not charge that plaintiff's negligence which would bar or reduce her recovery under the doctrine of comparative negligence must have been a contributing proximate cause to her injuries. Defendant properly excepted to this. In *Jackson v. Matlock,* 87 Ga. App. 593 (4) (74 SE2d 667) it was held: "The trial court erred in charging that, if the jury should find that the plaintiff and the defendant were equally negligent, the plaintiff would not be entitled to recover, without instructing the jury in connection therewith that the negligence of the plaintiff which would bar his recovery under such rule must have proximately contributed as a cause of the injury received by the plaintiff . . ." An omission of this nature will require reversal except in an instance where it appears that a charge on proximate cause has been given in close relation to the charge so that it is obvious that the jury understood that plaintiff's negligence referred to in the charge on comparative negligence was the proximate

cause of the injuries received. *Noland v. England,* 101 Ga. App. 306 (4) (113 SE2d 649); *Powell v. Mauldin,* 102 Ga. App. 606 (1) (117 SE2d 234). Here the court in close relation to the excepted charge defined proximate cause; that negligence to be the basis for recovery must be the proximate cause of the injury; that if defendant's injuries were caused by her own negligence, she would not be entitled to recover. Thus, the holding in *Jackson* is not applicable to this case.

2. The court's charge to the jury on sudden emergency was excepted to on the ground that evidence did not support the charge. The evidence of the collision between plaintiff's car and the third vehicle created an emergency situation as to defendant. The issue of sudden emergency was raised by the evidence and it was not error to charge on this principle. See *Ware v. Alston,* 112 Ga. App. 627 (145 SE2d 721).

3. Exception was taken to the charge that plaintiff had a duty to avoid the consequences of defendant's negligence, but that the plaintiff's duty to avoid any consequences of the defendant's negligence would not arise until the negligence itself existed, and the plaintiff knew of it or by the exercise of ordinary care could have known of it. There is an absence of any evidence indicating the plaintiff, who was in the leading vehicle with relation to defendant, had knowledge of any negligence of defendant. But any error in charging the avoidance rule was harmless. The jury in following the court's instruction could not apply the avoidance rule for there was no evidence that plaintiff had knowledge of any negligence of defendants.

4. Plaintiff alleges error in the court's refusal to charge the jury with the principle of law embodied in plaintiff's request to charge number 8. There being no objection to the failure to so charge before the jury returned its verdict, this enumeration will not be considered. Code Ann. § 70-207.

5. The evidence authorized a verdict for defendant. *Judgment affirmed. Clark and Stolz, JJ., concur.*

Submitted January 13, 1976 — Decided February 3, 1976 — Rehearing denied February 25, 1976.

*Johnson & Morse, T. Jack Morse,* for appellant.
*Young, Young & Ellerbee, F. Thomas Young, Altman, Williamson, McGraw & Loftiss, Sol Altman,* for appellees.