### LOUISVILLE & NASHVILLE RAILROAD CO. *v.* OGLES.

1. The petition, after amendment, was not open to the criticism directed against it by the special demurrers.
2. In a suit to recover damages from personal injuries causing physical pain, suffering, and illness, as well as mental pain and suffering, it is inapt to charge the jury: "In some torts the entire injury is to the peace, happiness, or feelings of the plaintiff. In such cases no measure of damages can be prescribed, except the enlightened consciences of impartial jurors."
3. A charge in the following language: "It is alleged that the defendant company was negligent in carrying her beyond the point of her destination, and in putting her off at an unsuitable place in the woods, or putting her off as set out in the declaration, and as shown by the proof," is open to the criticism that it contains an expression of opinion by the court upon the controverted issue in the case, and therefore requires the grant of a new trial.
4. It appearing from the plaintiff's evidence that upon discovering the failure of the train to stop at her proper destination, to which she was entitled to be carried, she rang the bell whereby a signal was given for the train to come to a stop, and that she voluntarily and of her own will left the train at the point where it actually stopped, it was error for the court to charge the jury as to damages which might accrue from her being "ejected" from the train at that point. There is no evidence in the record that the plaintiff was ejected from the train, and the charge based upon that theory was error.

NOVEMBER 14, 1914.

Action for damages. Before Judge Patterson. Cherokee superior court. September 4, 1913.

Mrs. Mary Ogles brought suit against the Louisville & Nashville Railroad Company to recover damages for personal injuries alleged to have resulted to her in consequence of her having been carried past the station of Univeter on the defendant company's line of railway, to which point she had purchased a ticket. It appears that she duly surrendered the ticket to the conductor before reaching the station. It is alleged, that the defendant's employees negligently failed to stop the train at the station, which is a regular

stopping-point when flagged or for passengers on the train having a ticket to that station; that she was carried past the station about a mile and a half, and there she was "put off in the woods beside the defendant's track, and was required to walk back this distance to Univeter and carry her baggage and a 3-year old child in her arms;" that it was raining when she was put off the train, and she became wet, and this resulted in certain physical injuries described; that it was growing dark, and, having to walk back to the station, she was greatly unnerved and frightened and her nervous system greatly impaired. Upon the trial the jury returned a verdict for the plaintiff. The defendant made a motion for a new trial, which was overruled, and it excepted.

D. W. Blair, E. W. Coleman, and Tye, Peeples & Jordan, for plaintiff in error.

Howell Brooke, N. A. Morris, and G. D. Anderson, contra.

BECK, J. (After stating the foregoing facts.)

1. The petition, after amendment, was not open to the criticism directed against it by the special demurrers.

2. The plaintiff in error complains, in its motion for new trial, of the following charge of the court: "In connection with this, I charge you, in some torts the entire injury is to the peace, happiness, or feelings of the plaintiff. In such cases no measure of damages can be prescribed, except the enlightened consciences of impartial jurors. I mean for you to understand by that, in considering the amount of damages she would be entitled to recover for any pain and suffering, or injury to her feelings, as alleged in the petition, the only guide or measure of damages prescribed is the enlightened consciences of impartial jurors."

This charge is somewhat inapt. The plaintiff was seeking to recover for physical injuries and pain, as well as for mental pain and suffering; and while the measure of damages for physical injuries causing pain and nervousness and other physical ills described in her petition is the enlightened consciences of impartial jurors, just as it is in those torts where the entire injury is to the peace, happiness, or feelings of the complainant, it is inapt to charge the jury, in the trial of a suit for physical injuries as well as damages for mental pain and suffering, that "in some torts the entire injury is to the peace, happiness or feelings of the plaintiff," etc. *Southern Railway Co. v. Davis,* 132 *Ga.* 812 (65 S. E. 131). Such a charge

46

as that criticised might not of itself, in the present case, be ground for the grant of a· new trial; but as the judgment refusing a new trial is reversed upon other grounds, attention is called to the inaptness of the instruction, so that it may be avoided on the next trial.

3. Exception is taken to the following charge of the court: "It is alleged that the defendant company was negligent in carrying her beyond the point of her destination, and in putting her off at an unsuitable place in the woods, or putting her off as set out in the declaration, and as shown by the proof." The error assigned upon this charge is that it expressed an opinion by the court as to what had been "shown by the proof." We think the charge is clearly open to the criticism. While every witness testifying in the case stated that the plaintiff was carried beyond the point of her destination, and the court might well have assumed in its charge to the jury that there was no controversy upon this point, there was controversy as to the circumstances under which she left the train; and the expression in the charge quoted, in the connection in which it is used, would very probably be understood by the jury as an expression or intimation of an opinion by the court that the plaintiff was put off as set out in the declaration, and under the circumstances there set forth and described. At any rate, the language complained of contained an expression of an opinion by the court, and the statute is mandatory, requiring the grant of a new trial. Civil Code, § 4863.

4. The charge of the court, instructing the jury as to the damages recoverable by the plaintiff as compensation for the injury inflicted upon her "by being put off and ejecting her from the train at an unsuitable place," was erroneous under the evidence contained in the record. There was no evidence to authorize an instruction as to damages resulting to the plaintiff from being "ejected" from the train. From the plaintiff's own testimony it clearly appears that she herself, discovering that she was being carried beyond her station, rang the bell which gave the signal for the train to be brought to a stop; that she voluntarily, in pursuance of her purpose to have the train brought to a stop, went to the door of the coach, and of her own will left the train. The word "ejected," in the connection in which it is used in this charge, imports the idea of being forcibly

expelled or thrust from the train; and there was no evidence to authorize the court to employ any word of such import.

Other minor inaccuracies in certain portions of the charge were complained of, but they are not of such character as to require discussion or as to constitute grounds for the grant of a new trial.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*