The court did not err in overruling the general and special demurrers to the two counts of the petition as amended.
 DECIDED SEPTEMBER 10, 1949.
Roy L. Taylor instituted this action for damages against the Atlantic Company for personal injuries alleged to have been sustained as a result of an explosion of highly compressed ammonia-gas tanks which defendant was transporting by truck from *Page 26 
Atlanta, Georgia, to Albany, Georgia and Tampa, Florida. The suit was brought in two counts. Count one as amended alleged the following: "2. That on or about February 8, 1949, Roy Varnedoe, an uncle of the plaintiff, was employed by Atlantic Company, as a driver of one of defendant's trucks and on said date said Varnedoe requested plaintiff, at Albany, Georgia, to accompany him on a trip for defendant to deliver certain empty ammonia tanks belonging to defendant to defendant's place of business at Jacksonville, Florida. 3. That at said Varnedoe's request plaintiff accompanied him from Albany, Georgia, to defendant's place of business in Jacksonville, Florida, assisting said Varnedoe in the driving and operating of the defendant's truck and in the delivery of the defendant's empty ammonia tanks at defendant's place of business at Jacksonville, Florida. 4. That defendant's agents and servants at Jacksonville knew that plaintiff was accompanying Varnedoe as his helper and assistant and knew that plaintiff helped unload the empty ammonia tanks at defendant's place of business at Jacksonville, Florida. 5. That after unloading said empty ammonia tanks at Jacksonville, Florida plaintiff and Varnedoe left Jacksonville with an empty truck to proceed to Atlanta, Georgia, to pick up some loaded ammonia tanks at defendant's Atlanta place of doing business to be delivered to Albany and Tampa, Florida. 6. That plaintiff and Varnedoe proceeded to defendant's Brookwood Avenue plant at Atlanta to pick up loaded ammonia tanks for delivery to defendant's plant in Albany and Tampa, Florida, where the ammonia gas was to be used in the manufacture of ice. 7. That plaintiff and Varnedoe remained at defendant's Brookwood Avenue plant for some four hours on the afternoon of February 9, 1949 and Varnedoe introduced plaintiff to one J. H. Anderson, manager of defendant's Brookwood Avenue plant, and also to one Ollie Simpson, another employee of the defendant, and that said Anderson and Simpson saw plaintiff assisting Varnedoe and other employees of defendant in loading defendant's truck and both Anderson and Simpson knew that plaintiff was assisting Varnedoe in loading of this gas and that plaintiff would proceed with Varnedoe in defendant's truck to Albany and Tampa to assist Varnedoe in the operation of said truck and the delivery of said ammonia *Page 27 
tanks. 8. That plaintiff and Varnedoe left Atlanta with the loaded ammonia tanks at about 5:30 p. m. on February 9th and proceeded by slow stages to Albany. 9. That during the trip from Atlanta to Albany plaintiff assisted Varnedoe in the driving and operation of defendant's truck hauling defendant's ammonia tanks for the purpose of delivering them to defendant's plant in Albany, Georgia and Tampa, Florida. 9a. Plaintiff on this occasion had actual permission from the manager of defendant's Jacksonville plant and the manager of the defendant's Atlanta plant to ride with and assist Varnedoe in the operation of defendant's truck, and plaintiff was assisting Varnedoe in the loading and unloading of said truck and driving of said truck with permission of said defendant and defendant derived the benefit under these circumstances of plaintiff's services and there was a mutuality of interest between plaintiff and defendant in that defendant derived the benefit of the services of the plaintiff as aforesaid and plaintiff in turn derived enjoyment and pleasure in assisting his uncle and in the travel provided by the operation of said truck. 9b. Under the circumstances alleged in this petition and the amendment plaintiff on the occasion when he was injured was an invitee of defendant's and defendant owed a duty to plaintiff to exercise ordinary care to keep the premises, to wit: the truck belonging to defendant, in a safe condition. 10. That when the truck in which plaintiff and Varnedoe were riding reached a point approximately the middle of the 800 block of North Jefferson Street, in Albany, Georgia, in the early hours of February 10, 1949 both tanks of ammonia on said truck suddenly and violently exploded without any warning whatsoever causing said compressed ammonia gas to be discharged into the air with great violence causing both plaintiff and Varnedoe to be severely burned and the burning fumes of said gas was inhaled by both plaintiff and Varnedoe and both were taken to the Phoebe Putney Memorial Hospital where Varnedoe died of his injuries. . . 13. That on this occasion defendant owed to plaintiff the duty to exercise ordinary care and diligence — to prevent injuring him and defendant was negligent in the following particulars, to wit: (a) In that it charged said tanks containing ammonia gas with too high a pressure on the tanks. (b) That *Page 28 
said tanks were dangerously and highly charged with ammonia gas. (e) In placing on the truck in which plaintiff was riding tanks of ammonia gas so highly charged and so dangerously charged as to cause a sudden and violent explosion of the same. (d) In failing to use the proper care in charging the tanks with an excessive quantity of ammonia gas, which tanks, if they had been properly charged, would not have exploded. (e) In allowing to be placed on said truck tanks which were insufficient and incapable of withstanding the force of the charges of ammonia gas. (f) In failing to properly inspect the tanks and discover whether they were fit for use as ammonia tanks. (g) In failing to make a proper inspection of the tanks or to test them to determine whether or not they were dangerously and excessively charged with ammonia gas and whether or not they were dangerous to the general public. (h) In placing on said truck ammonia tanks which were defective and unable to withstand the pressure of the charge of ammonia gas contents in the tanks. (i) Defendant was further negligent in that it failed on this occasion to exercise ordinary care and diligence in keeping the premises, to wit, the truck and the truck body on which plaintiff was riding in a safe condition. 14. That the acts of negligence herein charged were the direct and proximate cause of the injuries suffered by the plaintiff. . . 17. That at the time plaintiff was injured he was on the truck of defendant with the knowledge and consent of J. H. Anderson, Manager of defendant's Atlanta plant and said Anderson had authority to permit and allow plaintiff to assist in the operation of the truck and was acting within the scope of his employment in inviting, permitting and allowing plaintiff to assist in the operation of the truck and in the loading and unloading of the truck in the furtherance of defendant's business. 18. It was necessary to the furtherance of defendant's business for said Varnedoe to secure the assistance of the plaintiff in driving the truck and in loading and unloading said truck for the reason that the truck had to be operated night and day and the weight of the tanks made it necessary for Varnedoe to have assistance in loading and unloading of said truck and the act of Varnedoe in obtaining plaintiff's assistance for this purpose was within the scope of his employment with defendant." Count two alleged the same *Page 29 
facts with the omission of paragraphs 13(i), 9(a) and 9(b), and in addition thereto alleged: "That defendant failed to warn Varnedoe or the plaintiff of the latent dangerous conditions of said overloaded ammonia tanks and was guilty of negligence in furnishing a dangerous, highly charged and explosive instrumentality to Varnedoe and the plaintiff and in turning a dangerous and explosive unstrumentality upon the general public."
The defendant filed the following general demurrer: "1. This defendant says, that admitting all properly pleaded allegations in plaintiff's petition, the same sets forth no cause of action in favor of plaintiff and against this defendant, and said petition should be stricken and dismissed. 2. That admitting all properly pleaded allegations in plaintiff's petition, the same shows no breach of duty on the part of this defendant to the plaintiff. 3. Said petition and the allegations contained therein show on its face that the alleged act of the servant, Roy Varnedoe, inviting or permitting the plaintiff to ride on the defendant's truck was not within the scope of his duties and employment, and in allowing the plaintiff to ride on said truck said allegations and said petition show that the driver was entirely without the scope of his duties as an employee of the defendant, and said petition should be stricken and dismissed. 4. Said allegations of said petition show that the driver of said truck was acting without the authority or consent of the defendant in permitting plaintiff to ride in said truck, and said petition sets forth no cause of action against this defendant. 5. That admitting all properly pleaded allegations in plaintiff's petition, the alleged acts of negligence charged against this defendant do not amount as a matter of law to gross negligence, and said petition should be stricken and dismissed. 6. Said petition sets forth no acts and alleges no facts showing that this defendant was guilty of gross negligence, and said petition should be stricken and dismissed." The defendant also filed numerous special demurrers to both counts of the petition as amended, the substance of which complains that the following allegations were conclusions of the pleader without any facts to sustain same: "Said Anderson had authority to permit and allow plaintiff to assist in the operation of the truck and was acting within the scope of his employment in inviting, permitting, *Page 30 
and allowing plaintiff to assist in the operation of the truck and in the loading and unloading of the truck; it was necessary to the furtherance of the defendant's business for said Varnedoe to secure the assistance of plaintiff; the act of Varnedoe in obtaining plaintiff's assistance for this purpose was within the scope of his employment with the defendant."
The trial judge overruled both the general and special demurrers. To this ruling the defendant excepted.
1. The court did not err in overruling the general or special demurrers to the first count of the petition. The allegations are sufficient to allege that the plaintiff was an invitee on the truck, engaged in an undertaking of mutual benefit to him and the defendant. The allegation, that "Said Anderson had authority to permit and allow plaintiff to assist in the operation of the truck," is not a conclusion but is an allegation of an ultimate fact. It was not necessary to allege the evidence by which the allegation would be proved. The same ruling applies to the allegation that Anderson "was acting within the scope of his employment in inviting, permitting, and allowing the plaintiff to assist in the operation of the truck, and in the loading and unloading of the truck." The special demurrers to paragraph 18 of count one are without merit.
2. The court did not err in overruling the general or special demurrers to count two of the petition. Ammonia-gas containers are in the nature of explosives. They are dangerous articles which, if negligently handled or charged, will cause injury to those within their range. The duty to exercise ordinary care in the handling of such instrumentalities and substances runs to those who the handler should anticipate might lawfully come within the orbit of the danger arising from negligence in the handling of the dangerous substances. 38 Am. Jur., § 104, p. 767; Newark Electric L. P. Co. v. Garden, 78 Fed. 74. This duty runs to mankind. 22 Am. Jur., § 13, p. 135; Cooley on Torts, Vol. 3, § 425, p. 157; Beall v. Seattle, 28 Wn. 593 (69 P. 12). As to carriers' liability, see 35 C. J. S., § 9, p. 244. The second count alleges facts sufficient to set forth a cause of action on the theory that the plaintiff was in a place where he *Page 31 
had a right to be and that the defendant actually knew of his presence. The allegations of count two, as well as count one, confine the causes of action to special circumstances under which the defendant knew of the plaintiff's exposure to whatever dangers the negligence of the defendant would cause, and even if the plaintiff was no more than a legally invited guest, the same rule would obtain. The cases cited and insisted on by the plaintiff in error are not applicable to this case. They are cases holding that one does not owe the duty of ordinary care to a guest or one invited by a servant without authority. The first class especially involves liability for negligence by the operator of a vehicle. In this case there is no negligence alleged as to the driver of the truck or as to the condition of the truck. The special demurrers to the second count are for the most part similar to those to the first count and were properly overruled.
The court did not err in overruling the general and special demurrers to the two counts of the petition.
Judgment affirmed. Sutton, C. J., and Worrill, J., concur.