### 32988. ATLANTIC COMPANY *v.* TAYLOR.

DECIDED SEPTEMBER 14, 1950.

*S. B. Lippitt*, for plaintiff in error.

*J. Neely Peacock Jr.*, contra.

WORRILL, J. This is an action for damages for personal injuries, allegedly sustained by the plaintiff when two ammonia gas tanks belonging to the defendant exploded while being hauled upon a truck of the defendant in which the plaintiff was riding. The case was previously before this court upon exceptions to rulings on demurrers, and for a statement of the pleadings refer-

ence is made to the report of the decision on that occasion. See *Atlantic Co.* v. *Taylor,* 80 *Ga. App.* 25 (54 S. E. 2d, 910).

Upon the trial of the case in the City Court of Albany before a jury, a verdict was returned for the plaintiff in the sum of $4750, and judgment was rendered thereon. The defendant moved for a new trial on the general grounds and amended its motion by the addition of what was denominated as one special ground but divided into 15 subdivisions, complaining of certain charges of the court to the jury and of the refusal of the court to charge certain written requests, and that the verdict was excessive. The court overruled the motion and the exception here is to that ruling. Such further reference to the facts and evidence as may be necessary to a decision of the questions presented will be made in the opinion.

■ Counsel for the parties in this court argue grounds 4a, 4b, 4c, 4d, 4e, 4f and 4g of the amended motion for new trial together. All of these grounds deal with requests to charge made by the defendant, and under the view we take of the law applicable to this case as declared on the prior appearance of it before this court the exceptions made in those grounds of the motion for a new trial may be treated for decision under one ruling. This court held in *Atlantic Co.* v. *Taylor,* supra, that the allegations of the petition confined the cause of action to those circumstances under which the defendant actually knew of the presence of the plaintiff on its truck, that its liability for negligence in the handling of a dangerous agency such as highly charged ammonia gas tanks ran to anyone lawfully within the orbit of the danger thus created, and that if the defendant actually knew of the plaintiff's presence on the truck, regardless of his status as a trespasser, licensee or invitee, and injured him as a result of its negligent handling of this dangerous instrumentality it would be liable for such injuries. It was expressly held that, under the pleadings here, cases holding that one does not owe the duty of ordinary care to a guest or one invited by a servant without authority were not applicable to this case. Those rules apply where the injury is occasioned by the negligence of the driver or by a condition of the truck or vehicle. Such is not the case here.

All of the requests to charge enumerated above related to

definitions of trespassers, licensees, and invitees, the duty and degree of care owed by property owners to each such class of persons, instructions to the jury as to the effect on the case if the plaintiff, in riding upon the truck, was in a place "where he had no right to be," and instructions as to the authority of truck drivers to pick up riders or employ help. We think it is obvious that, under the law of this case as decided on the previous appearance of it before this court, and as set out above, such issues were not properly before the jury under the pleadings. We have carefully read the evidence and find that no issues were raised by it that were not made by the pleadings. The sole issues made by the evidence were whether or not the plaintiff was riding the defendant's truck with the knowledge of the defendant or of its authorized agent, and the extent and duration of the plaintiff's injuries. For these reasons we do not think the trial court erred in refusing to charge as requested and complained of under these grounds of the motion for new trial. The cases cited and relied upon by the plaintiff in error are not applicable to this case under the theory upon which it was tried.

■ Ground 4h of the amended motion for a new trial complains of the refusal of the court to charge the following written request: "I charge you, gentlemen of the jury, that the plaintiff in this case contends that the plaintiff was injured as the result of an explosion of too highly compressed ammonia gas tanks of the defendant. I charge you, in this connection, that the plaintiff can only recover, if at all, upon proof of the negligence charged against the defendant in plaintiff's petition, and the defendant is not liable for any other alleged acts of negligence except those charged in plaintiff's petition. If you should find from the evidence in this case that the plaintiff was not injured as a result of an explosion of too highly compressed ammonia gas tanks of the defendant, then and in that event, you would not be authorized to find a verdict in favor of the plaintiff and against the defendant. I charge you, that in the case at bar the defendant is only liable to the plaintiff in the event the defendant failed to exercise ordinary care and diligence. If from the evidence in this case the defendant exercised ordinary care and diligence, then the plaintiff cannot recover. The defendant in this case may show by the evidence that it was free

from negligence by the defendant exercising ordinary care and diligence, and when the defendant does this it is not incumbent to go further and show what was the cause of the injury or damage. Unless the defendant's negligence, if any, was itself the cause of the injuries, the defendant's failure to show what was the cause of the injury would not create liability against the defendant. If the defendant was not negligent, and did exercise ordinary care and diligence, then and in that event, the defendant would not be liable."

Assuming that this charge was abstractly correct as a proposition of law, the court did not err in refusing to give it to the jury. The charge as given was full and complete. The judge began the charge by reading verbatim the pleadings in the case, thus stating fully the contentions of the parties. Elsewhere in the charge he told the jury: "The plaintiff must recover, if at all, by proof to your satisfaction, by a preponderance of the evidence that the defendant was negligent in one or more of the ways in which the plaintiff alleges in his petition that the defendant was negligent. He can not recover for any other or different acts of negligence than those alleged in his petition," and "It is contended, gentlemen of the jury, by the plaintiff in this case that the injuries suffered by this plaintiff, Roy L. Taylor, were occasioned by the explosion of highly charged ammonia gas tanks, and that the tanks were defective or else they were too highly charged for the strength of the tanks and, for this reason, they exploded, and the discharging ammonia gas occasioned the injuries, which the plaintiff alleges that he suffered. Whether or not that is true is a matter for you to determine by a preponderance of the evidence. On the other hand, as I charged you before, it is contended by the defendant that these tanks were charged by the usee of ordinary care and diligence and that, having used ordinary care and diligence in the charging of the tanks, they are not responsible for the injuries," and, "I charge you, gentlemen of the jury, that a fact can not be established by circumstantial evidence, which is perfectly consistent with direct, uncontradicted, reasonable and unimpeached testimony that the fact does not exist. If the direct evidence established, without dispute, that the defendant was not negligent then a verdict in the plaintiff's favor would not be author-

ized, although the defendant has not satisfactorily accounted for the occurrence. I charge you, gentlemen of the jury, that, in the event you should find from the evidence in this case that the plaintiff received injuries from an explosion of an ammonia tank, and, in the event the evidence as to the cause of the explosion, was uncertain, and in the event the evidence showed that the negligence resulted from a number of causes, for some of which the defendant is not liable, then and in that event, it would be your duty to find a verdict in favor of the defendant. I charge you that it is incumbent upon the plaintiff to allege and prove that the defendant was negligent in the manner and way charged, and that the defendant may successfully defend by showing itself to be free from negligence, and it is not incumbent on the defendant to show, in such an event, what was the cause of the injury." These excerpts from the charge show that the trial court fully covered the matter treated in the request, and it would have been useless and an unnecessary repetition for the court to have charged further on this subject. Furthermore, there was no evidence whatsoever calculated to show that the defendant exercised any degree of care in charging the ammonia tanks or in handling them, and for this reason a charge on this subject was not required, and the failure or refusal of the trial court to charge in the exact language of the request was not error where the material matter in the request was substantially covered by the charge as a whole. *Battle* v. v. *State,* 105 *Ga.* 703 (32 S. E. 160); *Brown* v. *State,* 195 *Ga.* 430 (24 S. E. 2d, 312). See *Werk* v. *Big Bunker Hill Mining Corp.,* 193 *Ga.* 217 (17 S. E. 2d, 825).

■ Ground 4j of the amended motion for new trial complains of error because the court, having charged the jury generally relative to the measure of damages if the plaintiff was permanently disabled as a result of his injuries, nowhere in the charge instructed the jury as to the measure of damages if they should find that the plaintiff was only temporarily disabled as a result of his injuries. The plaintiff in error contends that such failure to charge was harmful because the verdict was excessive and justified the inference of gross mistake or undue bias by the jury, and because the charge restricted the jury to finding either that the plaintiff had suffered a permanent injury or none at all,

whereas there was evidence that the injury was only temporary.

We think that this exception is well taken, and requires a reversal of the case. The plaintiff alleged in his petition that he was permanently injured as a result of this occurrence. The defendant, in its answer, denied this. Upon the trial of the case there was evidence which would have authorized the inference that the plaintiff was to a degree permanently injured, and also evidence to the contrary. The judge charged the jury among other things that, "It is contended, gentlemen of the jury, by the plaintiff that his injuries are permanent and likely to cause him future pain and suffering. If you find that his injuries are permanent and likely to cause him future pain and suffering and to impair, in the future, his ability to labor, you would also be authorized to consider those as elements of damages, and if you find any amount for such future elements, you must reduce any amount for such future elements to its present cash value, figured at the rate of seven percent per annum. That is, of course and provided that you allow this plaintiff any damages. Whether you do or do not is for you to determine by a preponderance of the evidence."

Under the ruling in *Seaboard Air-Line Ry.* v. *Brewton,* 150 *Ga.* 37 (2,3,4) (102 S. E. 439); *Western & Atlantic R.* v. *Michael,* 42 *Ga. App.* 603(8), 611 (157 S. E. 226); *Georgia Power & Light Co.* v. *Wilson,* 48 *Ga. App.* 764(2), 770, 771 (173 S. E. 220); *Powell* v. *Jarrell,* 65 *Ga. App.* 453(11), 466 (16 S. E. 2d, 198), it was error for the trial judge, even without a request, to fail to charge on the manner of computing the damages if the plaintiff's injuries were not permanent. The pleadings and the evidence clearly raised an issue as to this contention, and while we do not pass upon the question of whether the damages awarded by the jury were excessive, the failure of the trial judge to charge fully and completely on the measure of damages was error unless it can be said as a matter of law that such failure was not harmful. *Furr* v. *Eddleman,* 80 *Ga.* 660(2) (7 S. E. 167); *Tallulah Falls Ry. Co.* v. *Stribling,* 20 *Ga. App.* 353(4) (93 S. E. 161). This we cannot do.

Ground 4k of the motion complains because the court charged the jury, "The law imposed upon both the plaintiff and the defendant the duty to have exercised ordinary care and

diligence upon the occasion under investigation." This charge was assigned as error in the following language: "Movant avers that such charge was erroneous and injurious to it because (1) it was not a correct statement of the law, in that the event the jury should find, as contended by the defendant, that the plaintiff was a licensee and not an invitee, then and in that event, the law did not impose upon the defendant the duty to exercise ordinary care and diligence, and further it was an erroneous statement of law in that in the event the jury should have found from the evidence that the plaintiff was a trespasser, as contended by the defendant, then and in that event, the defendant would not have owed to the plaintiff the duty to have exercised ordinary care and diligence for his safety.

"Movant further avers and contends that the same was misleading and confusing for each of the above stated reasons, and that further it was an expression by the trial judge that the evidence showed as a matter of fact and law that the plaintiff was an invitee, and it was an expression of an opinion by the court as to what had been proven in the case, and was erroneous and contrary to law; and further said charge was not authorized by the evidence in said case, and was inapplicable to the facts of the case as made by the evidence." This ground of the motion is without merit in view of the rulings made in the first division of the opinion.

■ The next ground assigns error because the court charged the jury that, "If you find that the defendant in this case exercised ordinary care and prudence in the manufacture of this ammonia gas, and in the charging of the tanks, and the loading and handling of the same, it would not be responsible under the law. The law only imposed upon them the duty to have exercised ordinary care and diligence. Whether the defendant did exercise ordinary care and diligence is a matter for this jury to determine by a preponderance of the evidence." This charge is criticized on the ground that there was no contention or evidence that the defendant manufactured the ammonia gas, and therefore submitted to the jury an issue not involved in the case, and was thus confusing and misleading. In regard to this assignment of error, the record shows that there was no allegation in the petition that the defendant manufactured the am-

monia gas and no contention to that effect raised by the evidence. It is inapt for the court to instruct the jury as to a contention which is neither raised by the pleadings nor the evidence. *Savannah Elec. Co.* v. *Fosterling,* 16 *Ga. App.* 196(1) (84 S. E. 976); *Nelson* v. *Huber & Huber Express,* 79 *Ga. App.* 721(1) (54 S. E. 2d, 462); *Louisville & Nashville R. Co.* v. *Ogles,* 142 *Ga.* 720(4) (83 S. E. 681). While the error complained of in this ground of the motion for a new trial, standing alone, probably does not warrant the grant of a new trial, since the case is to be tried again on other grounds, the inaptness of such practice, as complained of here should be clearly pointed out for the guidance of the court upon another trial.

■ Ground 4m complains of error in the giving of this charge to the jury: "Ammonia gas containers are in the nature of explosives. They are dangerous articles, which if negligently handled or charged, will cause injury to those within their range. The duty to exercise ordinary care in the handling of such instrumentalities and substances runs to those who the handler should anticipate might lawfully come within the orbit of the danger arising from negligence in the handling of the dangerous substances. This duty runs to mankind.

"The plaintiff contends that he was in the truck and that he was in a place where he had a right to be, and that the defendant actually knew of his presence. If the allegation of that be true and he was there where he had a right to be, and the defendant knew of the plaintiff's exposure to whatever dangers the negligence of the defendant would cause and, even if the plaintiff was no more than a legally invited guest, the same rule would obtain."

It is contended that this charge was erroneous and injurious to the movant in that it was misleading and confusing in that it stated no rule of law and was not understandable and was argumentative in that it stated unfairly the contentions of the plaintiff to the entire exclusion of the contentions of the defendant. It was further contended that it was tantamount to an expression of opinion by the court that the plaintiff was an invitee, and error was "assigned thereupon as an expression of opinion by the court as to what had been proven in the case."

This charge was not error for any of the reasons assigned.

■

The entire portion set out above is largely a paraphrase from the opinion of this court written upon the previous appearance of this case in this court. As such, while it was perhaps inapt as an element of the charge, it was not legally erroneous. The phrase, "even if the plaintiff was no more than a legally invited guest," was not an expression of opinion as to what had been proved. Even if it were, under the ruling in the first division of this opinion, it was not harmful to the defendant.

While the second paragraph of the charge complained of may be criticized in that it is not a complete sentence and to this extent is unintelligible, it palpably was a slip of the tongue and as such does not constitute reversible error, and since it is not likely to recur on another trial, a new trial should not be granted on this account.

■ Complaint is made in ground 4n of the amended motion for new trial of the following portion of the charge: "If you believe this plaintiff was a legally invited guest and that these tanks exploded and he was injured thereby, of course, he would be entitled to recover unless the defendant exercised ordinary care and diligence in the loading and charging of these ammonia gas tanks," on the ground that it was erroneous, placed an illegal burden on the defendant, was argumentative, and there was no charge of negligence against the defendant in loading of the tanks.

Whether or not this charge was an erroneous statement of the law will not be considered since the court elsewhere in its charge and without objection from the defendant instructed the jury to substantially the same effect. Furthermore, we think any error in this portion of the charge was fully cured by the general context of the charge wherein the court at several points instructed the jury that the burden was upon the plaintiff to prove by a preponderance of the evidence that the defendant was negligent in one or more of the ways alleged, and that unless the plaintiff carried that burden he could not recover. This portion of the charge palpably was not in any sense a statement as to where the burden of proof lay as to any matter, but simply was a statement of an exception, which, if true, would have authorized the jury to find in favor of the defendant. The complaint that the charge was argumentative will not be considered

since nowhere in this ground of the motion does the plaintiff in error point out wherein and how the charge was argumentative. *Wade* v. *Eason,* 31 *Ga. App.* 256(1) (120 S. E. 440).

As to the contention that there was no charge of negligence against the defendant in loading the ammonia tanks, it is sufficient to say that count two of the petition charges negligence to the defendant in furnishing to its agent, Varnedoe, "a highly charged and explosive instrumentality, to wit: Two heavy loaded ammonia tanks which had been loaded by defendant's agents and servants negligently in the following particulars." Then follow the allegations of negligence against the defendant. This ground of the motion is without merit and the trial court did not err in overruling it. The cases cited and relied upon by the defendant on this proposition do not require a different ruling herein.

■ The final special ground of the amended motion for new trial alleges error because the court charged the jury that, "The plaintiff in this case also seeks to recover for his diminished earning capacity. Whether or not this plaintiff has suffered any diminished earning capacity is for you to determine by a preponderance of the evidence." It is contended that this charge is error because there was no evidence in the record that would have authorized the jury to find any amount as diminished earning capacity. The plaintiff testified in this connection, "I have not been able to work since the accident like I did before. I had a job. The job I had, it was dusty and the dust got into my lungs and I couldn't work at it, therefore I quit, I had to quit." Other than this testimony there was nothing in the evidence on which a recovery based on diminished capacity to labor and earn money could be based. There was no evidence as to what the plaintiff was earning prior to his injury or how much he earned afterwards. Nor was there any evidence as to how much less he earned or expected to be able to earn subsequent to his injury. In view of these facts, it was error for the court to give this portion of the charge to the jury. *Central Ga. Power Co.* v. *Cornwell,* 139 *Ga.* 1 (2,2a), 5 (76 S. E. 387); *Rome Ry. & Light Co.* v. *Duke,* 26 *Ga. App.* 52, 55, 57 (105 S. E. 386); *West* v. *Moore,* 55 *Ga. App.* 214(2) (160 S. E. 811); *Atlanta Coca-Cola Bottling Co.* v. *Deal,* 66 *Ga. App.* 211, 213, 214 (17

S. E. 2d, 592). See, in this connection, *Berry* v. *Jowers,* 59 *Ga. App.* 24(5), 32, 36 (200 S. E. 195), which contains an excellent resumé of the cases and various statements of the rule.

■ Inasmuch as the case is to be tried again, the general grounds of the motion for new trial and ground 4i complaining that the verdict was excessive are not passed upon.

*Judgment reversed. Sutton, C.J., and Felton, J., concur.*