33987.   TAYLOR *v.* ATLANTIC COMPANY.

Decided March 21, 1952—Rehearing denied April 4, 1952.

*J. Neely Peacock Jr.*, for plaintiff.

*S. B. Lippitt*, for defendant.

GARDNER, P.J.   1. Error is assigned in special ground 1 of

the motion for a new trial on this excerpt from the charge: "If you find that the defendant in this case exercised ordinary care and prudence in the loading, and the charging and handling of these tanks, it would not be responsible under the law for any injuries that resulted thereafter. The law imposed upon them [the defendant] the duty to have exercised ordinary care and diligence. Whether the defendant did exercise ordinary care and diligence is a matter for this jury to determine by a preponderance of the evidence. . . On the other hand, as I have charged you before, it is contended by the defendant that these tanks were charged by the use of ordinary care and diligence, and that, having used ordinary care and diligence in the charging of the tanks, they are not responsible for the plaintiff's injuries. If you find that this defendant did exercise ordinary care and diligence in the charging of the tanks—in the charging, and loading, and hauling and handling of the tanks—and that they exploded, notwithstanding this fact, if it be a fact, then, of course, the defendant would not be liable in damage. Whether or not that is true, as contended by the defendant, or not true, is a matter of fact for this jury to determine by a preponderance of the evidence in the case. . . If you believe this plaintiff was a legally invited guest and that these tanks exploded and he was injured thereby, of course, he would be entitled to recover unless the defendant exercised ordinary care and diligence in the loading and charging of these ammonia gas tanks and the handling of the same." Error is assigned on the foregoing excerpt, (1) on the ground that there is no evidence upon which to base the same, and in that no such contentions were made by the defendant, either in its pleadings or by the evidence; (2) because it was argumentative in favor of the defendant and set forth contentions not made by it; (3) because the same was inapplicable; and (4) for the reason that the defendant introduced no evidence to show that it exercised ordinary care and diligence in the loading, charging, and handling of the ammonia tanks.

The foregoing charge was not error for any of the reasons assigned. In the opinion of this court in *Atlantic Co.* v. *Taylor*, 82 *Ga. App.* 361 (7), 370 (61 S. E. 2d, 204), it was ruled: "The court did not err in charging that the plaintiff would be

entitled to recover if certain facts were shown, unless the defendant had exercised ordinary care in charging and handling the ammonia tanks" and that in count two of the petition the plaintiff sets out that the ammonia tanks were negligently loaded by the defendant's agents and servants in specified particulars. The burden was on the plaintiff to introduce evidence to the effect that the defendant was negligent in the manner alleged as to the loading and handling of these gas tanks, and it was not incumbent on the defendant to introduce evidence to show that it exercised ordinary care and diligence in such loading and handling of the tanks. If the plaintiff had shown that the defendant had been negligent in the manner alleged, then the defendant would have been called upon to introduce evidence that it had exercised ordinary care and diligence. Said charge was not error as being inapplicable, argumentative, and as setting forth contentions not made. Even though the plaintiff was in a place where he had a right to be and the defendant had knowledge thereof, and therefore owed to him the duty of exercising ordinary care and diligence in the loading and charging of the ammonia gas tanks, the burden was on the plaintiff to show that the defendant had not exercised such care and diligence. When the evidence showed that the gas tanks exploded and that gas fumes therefrom escaped and resulted in the plaintiff's injury, the burden was not thereby placed on the defendant to show that it had exercised ordinary care and diligence in loading, charging, and handling these gas tanks. The plaintiff does not show that his injury resulted from an accident of a kind which, in the absence of proof of some external cause, does not ordinarily happen without negligence, and the case does not fall within the doctrine laid down in *Chenall* v. *Palmer Brick Co.,* 117 *Ga.* 106 (43 S. E. 443), and similar authorities.

2. From what is ruled above and from the previous rulings of this court in this case, the court did not err in charging the jury, as complained of in special ground 2: that, "If you find the defendant in this case exercised ordinary care and prudence in the loading, and the charging and handling of these tanks it would not be responsible under the law for any injuries that resulted thereafter. The law only imposed upon them the duty to have exercised ordinary care and diligence. Whether the

defendant did exercise ordinary care and diligence is a matter for this jury to determine by a preponderance of the evidence. . . On the other hand, as I have charged you before, it is contended by the defendant that these tanks were charged by the use of ordinary care and diligence, and that having used ordinary care and diligence in the charging of the tanks, they' are not responsible for the plaintiff's injuries. If you find that this defendant did exercise ordinary care and diligence in the charging of the tanks—in the charging, and loading, and hauling and handling of the tanks—and that they exploded, notwithstanding this fact, if it be a fact, then, of course, the defendant would not be liable in damage. Whether or not that is true, as contended by the defendant, or not true, is a matter of fact for this jury to determine by a preponderance of the evidence in the case. . . If you believe this plaintiff was a legally invited guest and that these tanks exploded and he was injured thereby, of course, he would be entitled to recover unless the defendant exercises ordinary care and diligence in the loading and charging of these ammonia gas tanks and the handling of the same." Neither is there error, as further complained of in this special ground, in the court's charge: that "it is incumbent upon the plaintiff to allege and prove that the defendant was negligent in the manner and way alleged, and the defendant may successfully defend by showing itself to be free from negligence, and it is not incumbent on the defendant to show, in such an event, what was the cause of the injury. I charge you that, in the case at bar, the defendant is only liable to the plaintiff in the event the defendant failed to exercise ordinary care and diligence. If, from the evidence in this case, the defendant exercised ordinary care and diligence, then the plaintiff cannot recover. The defendant in this case may show by the evidence that it was free from negligence by the defendant exercising that ordinary care and diligence, and, when the defendant does this, it is not incumbent upon it to go further and show what was the cause of the injury or damage. Unless the defendant's negligence, if any, was itself the cause of the injuries, the defendant's failure to show the cause of the injury would not create liability against the defendant. If the defendant was not negligent, and did exercise ordinary care and diligence, then in that event, the defendant would not be liable."

The foregoing excerpts were not error, as contended by the plaintiff, in that there is evidence to show the defendant's freedom from negligence or to illustrate ordinary care and diligence upon its part, because the same were argumentative and set forth contentions not made by the defendant, and because the same were not applicable.

3. The evidence did not demand a verdict in the plaintiff's favor in some amount, as urged by the plaintiff. While it is true that this court ruled that the petition as amended set forth a cause of action against the defendant, which, if proven, would authorize him to recover of the defendant (see *Atlantic Co.* v. *Taylor*, 80 *Ga. App.* 25, 54 S. E. 2d, 910), this was not a case where all that the plaintiff had to show was that the gas tanks had exploded and that he was injured from the gas fumes escaping therefrom, and the burden of disproving negligence in the premises was on the defendant, as in *Criswell Baking Co.* v. *Milligan*, 77 *Ga. App.* 861, 869 (50 S. E. 2d, 136). The plaintiff charged certain acts of negligence on the part of the defendant as to loading, charging, and handling the tanks of ammonia gas, and the defendant denied such negligence and set up that the plaintiff had assumed the risk and that his injury, if any, resulted from an accident, for which it was not to blame. The burden was on the plaintiff to show that the defendant was negligent in some one or more of the particulars alleged. The jury were authorized to find under the evidence that the defendant was not negligent as contended. There is no merit in the contention now urged that a finding for the plaintiff in some amount was demanded.

*Judgment affirmed.* *Townsend and Carlisle JJ., concur.*